## COOK *vs.* PINKERTON.

1. A horse swap is complete when the terms of exchange have been fi-nally settled, and each party has relinquished possession of one of the animals and acquired possession of the other. For one of the par-ties afterwards, without consent of the other, to resume possession of his former property is simply a tort, and does not reinvest him with title.
2. A sale and delivery to a third person after such wrongful resump-tion of possession will confer no title on the purchaser.
3. In an action by the owner against the purchaser, conversations and declarations which were a part of the *res gestæ* of the swap and its incidents, or of the subsequent tort, are admissible in evidence, to show how the plaintiff acquired title and possession, and how he lost possession without parting with title.

May 25, 1888.

Torts. Title. Evidence. *Res gestæ.* Before Judge HARRIS. City court of Macon. September term, 1887.

Reported in the decision.

DESSAU & BARTLETT, for plaintiff in error.

S. A. REID and HARDEMAN & DAVIS, *contra.*

BLECKLEY, Chief Justice.

The action being one of trover to recover for a horse, the question was, which party had acquired Pope's title, or rather whether Pinkerton, who was the plaintiff be-low, had obtained it or failed in obtaining it. The facts were, that Davis, a stable-keeper, was Pinkerton's

agent, and as such had control of a mule which was hired to Solomon. Pope owning a sorrel horse, it was agreed between him and Davis that the horse was to be exchanged for the mule. Davis selected a negro, whose name was Perry, and Pope employed the negro to go after the mule. The negro took the horse, Pope telling him that it was Pinkerton's horse, to the wagon where the mule was at work, detached the mule from the wagon, hitched the horse in his place and brought the mule to Pope. Pope made two efforts to sell the mule, but failing to do so, he directed Perry to take the mule back and bring him the horse, and so Perry did. Perry carried the mule back to the wagon, obtained the horse and carried the horse to Pope. Who was in charge of the wagon does not appear, but it may be inferred that it was Solomon, the person who had the mule hired. Some days afterwards the mule was carried to the stable of Davis, and was there kept by Davis as Pope's mule for some two months. What finally became of it does not appear; but it does appear that Pinkerton never had any more to do with it. The evidence indicates that after this transaction was complete in all its parts as to the exchange of the mule for the horse and the unauthorized return of the horse to Pope, he sold the horse to Cook; the decided indication is that, as between the title of Pinkerton and the title of Cook, Pinkerton's was the senior, and we think there is evidence enough to show that Pinkerton acquired title; that the exchange of these animals by the parties was complete; and that if this action had been brought against Pope, there would have been no difficulty in a recovery. Then, if there could have been a recovery against Pope, we see no reason why there should not be against Cook, who could derive no better title from Pope than Pope had at the time of the sale.

Evidence was admitted of what Pope said to the plaintiff, and what he said to Davis and what he said to Perry. Pope's declarations were admissible as a part of the *res gestæ*, all of them being made while the transaction by which he parted with the title to the horse to Pinkerton was in progress, or else while the means by which he resumed possession of the horse were in progress. So that the declarations can all be referred to the *res gestæ*, either of the contract of exchange between Pope and Pinkerton, or of the wrong done by Pope in resuming possession of the horse. There was no error committed by the court in receiving them in evidence.

The result is that the judgment denying a new trial is affirmed. The head-notes are to be read as a part of this opinion.

Judgment affirmed.