CLEGHORN *et al.* v. SMITH *et al.*

A marriage settlement executed in 1857, stipulating that all the property of the wife should remain hers separately, not subject to the control or liabilities of the husband, but the title should vest in a trustee to hold for the benefit of the wife during the coverture, and upon her death to go to her children free from the trust, or if she should survive her husband the trust should determine at his death and the title revest in her; and it appearing that the wife

died before the husband died, a sale by her and the trustee passed only an estate for her life.

January 13, 1890.

Estates.    Title.    Trusts.    Before Judge MADDOX. Floyd superior court.    March adjourned term, 1889.

On September, 1857, Chas. O. Force and Mary Smith (widow of Nathaniel Smith), in consideration of a marriage to be solemnized between them (which was solemnized on the same day), executed a deed of settlement with T. J. Word, trustee, whereby it was agreed that all the property of Mrs. Smith, embracing her interest in the estate of Nathaniel Smith (the property in dispute in this case being a part of it), should remain her separate property and estate, not subject to the control, debts or liabilities of Force; "but the right and title to said property shall vest in said Thos. J. Word of the third part, to be used by him with the approbation and consent of the said Mary during the coverture, for her use, benefit and advantage, and immediately upon her death to go to her children, share and share alike, free from said trust; or in case said Mary should survive her intended husband, the trust is to determine at his death, and the absolute title and control of said property revest in said Mary as it now is and has been." In May, 1869, Mrs. Force and Word, trustee, conveyed the property by deed to one Scott, under whom the defendants to this action claimed; this deed reciting that the intention of the marriage settlement was to confer upon Word the power, with the approval and consent of Mrs. Force, to sell or otherwise use the property as she might direct, and that, deeming it important and necessary to sell it to raise funds to build herself a home, she advised Word to make the sale to Scott at the price named in their deed to him. She died in 1887, leaving surviving her Force and the plaintiffs to this suit, her children. The suit was commenced on February 29, 1888. Among

.the defences was a plea that an estate in remainder that became absolute to plaintiffs on the death of their mother was not created by the marriage settlement, but if such an estate was created it was defeated by the sale of the property by Word to Scott, with the consent and approbation of Mrs. Force during her coverture; said sale being for a full and adequate consideration received by the trustee and by Mrs. Force, and greatly for her benefit and advantage; and by the trust declared in the deed and the power conferred therein, the trustee was authorized to make the sale with the consent and approbation of Mrs. Force, and by uniting with her trustee in the sale she gave her consent and approbation to it and received the amount the land was sold for, and actually appropriated it to her own use and advantage.

There was a verdict for the plaintiffs; and a motion by the defendants for a new trial having been overruled, they excepted.

DABNEY & FOUCHÉ, W. M. HENRY and W. W. BROOKES, for plaintiffs in error.

C. N. FEATHERSTON, *contra.*

SIMMONS, Justice.

The only question insisted upon before us for a reversal of the judgment of the court below, was the construction of the marriage settlement entered into between Mary Smith and Charles O. Force, in 1857. The trial judge held that under that settlement Mrs. Smith (subsequently Mrs. Force) had only a life estate in the property, and that when she and her trustee sold the property to Scott, they sold only a life estate, it being admitted that Mrs. Force died before her husband, Charles O. Force. This holding the plaintiffs in error contend was erroneous. We do not think so, and upon this point we agree with counsel for the defendants in

error, and adopt a portion of his brief thereon as our opinion in the case, as follows :

"As to the construction of this deed there would seem to be no room for doubt. The estate conveyed to the trustee is in terms plainly limited at most to the life of Mrs. Force; and the remainder in fee, subject to the contingency stated, is in terms plainly secured to the children of Mrs. Force. Whether this remainder was then vested subject to be divested upon Mrs. Force's surviving her husband (which it was, the children being then all in life), or whether it was contingent until the death of Mrs. Force before her husband, is wholly immaterial, the latter event having in fact occurred within the year preceding this suit. It follows that Scott, the purchaser from the trustee and Mrs Force, acquired by their conveyance at most the life estate and Mrs. Force's chance for the reversion, and that the title of Mrs. Force's children to the remainder, now certainly vested and indefeasible, was unaffected by that conveyance."

*Judgment affirmed.*