## SMITH v. GEORGIA AND ALABAMA RAILWAY.

Evidence offered to establish authority on the part of an alleged agent to make a given contract for an alleged principal, and which consisted solely of proof showing that the latter had, on previous occasions, ratified certain contracts made in his behalf by the former, is, in any event, incomplete unless those contracts were of a similar nature and made under substantially similar conditions and circumstances.

Applying this rule to the facts of the present case, the court did not err in directing a verdict for the defendant.

Argued May 8, — Decided May 25, 1901.

Action for damages. Before Judge Smith. Telfair superior court. December 21, 1900.

*T. E. Watson, E. D. Graham,* and *J. K. Hines,* for plaintiff.
*Mackall & Anderson* and *Eason & McRae,* for defendant.

FISH, J. J. R. Smith sued the Georgia and Alabama Railway for services rendered by him as a physician to one Kelly Hewitt. Upon the trial the court directed a verdict for the defendant, and upon the plaintiff's motion for a new trial being overruled he excepted. The petition alleged that the services were rendered at the special instance and request of the defendant. The plaintiff proved that he rendered the services, that they were of the value charged, and that the account was due and unpaid. It was admitted that Hewitt's injuries, in connection with which the services sued for were rendered, were caused by a heavy box falling upon him, while he, as a drayman in the employ of one Mahan, was endeavoring to move it from the defendant's warehouse to a dray, and that such injuries were not caused by or due to the defendant or any of its employees. The plaintiff testified that a clerk at the defendant's

depot in Fitzgerald telephoned him to come to the depot to see a man who had been seriously injured; that he went there and found the injured man to be Kelly Hewitt. Then, without prior reference to his employment by the defendant, save as to the telephone message he received from the clerk at defendant's depot, the bill of exceptions recites that the plaintiff testified as follows: "Pursuant to said contract of employment I took charge of said Hewitt and paid him twenty-seven professional visits. . . The said local agents of defendant that employed me for defendant as aforesaid were Harry Blitch and one Algee. . . I thought these said local agents had authority from defendant to employ me; for that the said Blitch, while agent for the defendant at the city of Abbeville, Ga., had previously repeatedly employed me for the defendant to perform medical services of a similar character, and in every instance the defendant had paid me for the services thus rendered."

The theory of the plaintiff was, that the defendant was liable to him for professional services rendered by him to Hewitt, because Blitch, a local agent of the defendant at Fitzgerald, had employed plaintiff to perform such services, and he undertook to establish authority on the part of Blitch to employ him for the defendant by showing that Blitch had previously, while local agent for defendant at Abbeville, repeatedly employed him "to perform medical services of a similar character," and that defendant had, in every such instance, paid the plaintiff for the services rendered. This evidence was not sufficient to warrant a finding that the defendant held out its local agent, Blitch, as possessing authority to employ for it physicians to attend strangers—persons to whom the railway company owed no legal duty whatever. While the defendant may have previously paid the plaintiff when employed by Blitch "to perform medical services of a similar character," it does not appear that Blitch ever previously employed the plaintiff, or any one else, to perform such services to one to whom the defendant owed no duty, or that the defendant had ever, in any way, recognized his authority so to do. Ratification by the defendant could not be implied from its previous acts in paying the plaintiff when employed by Blitch "to perform medical services of a similar character," when it did not appear that they were performed under substantially similar conditions and circumstances. As the plaintiff wholly failed to show that Blitch had any authority to employ him to per-

form the services for which the suit was brought, a verdict for the defendant was demanded, and the court did not err in directing accordingly.    *Judgment affirmed.    All the Justices concurring.*