### SOUTHERN RAILWAY COMPANY *v.* WILLIAMS.

BECK, J.  1. In the petition filed in a suit against the railway company for the recovery of damages it was alleged, that the defendant company had injured and damaged the petitioner in a stated sum; that petitioner had shipped over the line of the defendant a car-load of lumber from a station in this State, billed to the Lookout Lumber Company, at Chattanooga, Tennessee; that the car-load of lumber was never delivered by the defendant company to the lumber company, but that it was destroyed in consequence of the negligence of the defendant company. It was not error, at the trial held about three years after the institution of the suit, to allow an amendment, over objection on the ground that the same came too late and that the plaintiff had been guilty of great laches in making the same, alleging that the defendant company contracted and agreed to deliver the car-load of lumber to the lumber company, at Chattanooga, Tennessee, which it failed to do, and if any part of the lumber was delivered by the said defendant, it was after the same had been wrecked and exposed to the weather for two weeks or other long time, and after the same had become blue and almost rotten and was totally worthless, and on account of this the consignee refused the same, to the loss of the plaintiff in the amount alleged.

2. There being evidence tending to show that the loss or injury complained of occurred upon a line of railway referred to as the Belt Line, the court did not err in instructing the jury, in substance, that if the car of lumber was delivered to the defendant company as plaintiff contended, and "was carried to the point of destination or carried to Chattanooga and there delivered to the Belt Line and the Belt Line undertook to carry it to the particular point of destination, that would be the same as the defendant company. In other words, if it was carrying it as agent of the defendant company, it would be immaterial whether the damage was done on the main line of the Southern Railway, the defendant company, or the Belt Line, if you find as a matter of fact the Belt Line took charge of the car and undertook to deliver

it to the person mentioned in the declaration as contended by the plaintiff. If that be true, the defendant company would be liable, although the injury or damage may have occurred on the Belt Line." The principle stated in the charge is sound and applicable to one phase of the case as developed by the evidence.

3. The court erred in charging the jury as follows: "If the plaintiff is entitled to recover at all, he is entitled to recover the full amount claimed in his contention, there being no controversy as to the value of the lumber," although it was charged in immediate connection therewith that if the lumber was not such as was purchased by the consignee, if it was of an inferior grade and was rejected by the consignee on that ground, the plaintiff could not recover.

(a) The lumber was to be delivered at Chattanooga. If the plaintiff was to pay the freight (and whether he was to do so or not does not clearly appear) in order to be entitled to the $8.50 per thousand feet of lumber which he claims was the price he was to receive at Chattanooga, he was not entitled to recover the full amount claimed, as that would include the freight, which he testifies he did not pay. Whether consignor or consignee was to pay the freight can be made clear on the next trial.

(b) The charge as given excluded entirely from the consideration of the jury the question as to whether or not it was practicable for the plaintiff to lessen the damages by the use of ordinary care and diligence in disposing of the lumber which was not injured or destroyed in consequence of the alleged negligence of the defendant, there being evidence in the record tending to show that a large part of the lumber was uninjured and undamaged; and the jury would have been authorized to find that in the exercise of ordinary care and diligence the plaintiff, after notice of the damage and rejection of the lumber by the consignee, might have disposed of a major part of the lumber actually shipped at its value, and have thus materially lessened the damages. Civil Code, § 4398; *Western Union Telegraph Co.* v. *Reid*, 83 *Ga.* 401 (10 S. E. 919). *Judgment reversed. All the Justices concur.*

JANUARY 23, 1913.

Action for damages. Before Judge Fite. Whitfield superior court. August 26, 1911.

*Maddox, McCamy & Shumate,* for plaintiff in error.

*W. C. Martin* and *F. K. McCutchen,* contra.