14123. MENDEL *v.* CONVERSE & CO.

</div>

BELL, J. The petition in this case was founded upon the theory of an anticipatory breach of an alleged written contract for purchase of goods, the vendor seeking to recover as damages the difference between the contract price and the market price at the time and place for delivery. General and special demurrers to the petition were overruled, and demurrers to certain parts of the answer were sustained. Only the plea of non est factum was allowed to remain. The plaintiff recovered, and the defendant excepted to the rulings upon the demurrers and to the denial of his motion for a new trial. *Held:*

1. "An absolute refusal by one party to perform an executory contract containing mutual obligations, prior to the date or dates fixed for performance, if such repudiation goes to the whole contract, amounts to a tender of a breach of the contract; and if accepted as such by the opposite party to the contract, it constitutes an anticipatory breach, and the injured party may at his election at once sue and recover his entire damages. The opposite party is not required to accept a tender of a breach of the contract, but he may elect to keep the contract in force for the purpose for which it was made; and in such case his own obligation, as well as that of the other party, will continue until the time for performance, as fixed by the contract. *Smith* v. *Georgia Loan Co.*, 113 *Ga.* 975 (39 S. E. 410); *Anderson* v. *Kirby*, 125 *Ga.* 62,

67 (54 S. E. 197, 114 Am. St. R. 185, 5 Ann. Cas. 103) ; *Ford* v. *Lawson,* 133 *Ga.* 237 (5) (65 S. E. 444) ; *Byrd Printing Co.* v. *Whitaker Paper Co.,* 135 *Ga.* 865 (70 S. E. 798, 22 Ann. Cas. 182) ; *Southern Flour Co.* v. *St. Louis Grain Co.,* 11 *Ga. App.* 401 (75 S. E. 439)." *Phosphate Mining Co.* v. *Atlanta Oil & Fertilizer Co.,* 20 *Ga. App.* 660 (93 S. E. 532).

2. Irrespective of whether it is necessary in a case of this sort for the plaintiff to allege its election to accept the tender of the breach (but see *Smith* v. *Georgia Loan Co.,* 113 *Ga.* 978), such election sufficiently appears, as against a general demurrer, in the fact of the filing of the action before the expiration of the time for performance, and in the averment that the "attempted cancellation" of the contract "constituted an anticipatory breach." An "attempted cancellation" could not amount to an anticipatory breach unless accepted (*Oklahoma Vinegar Co.* v. *Carter,* 116 *Ga.* 140 (2), 42 S. E. 378, 59 L. R. A. 122, 94 Am. St. R. 112), and the form of the averment, upon a mere general demurrer, would imply such acceptance, when considered with the fact of the time of the filing of the suit. See *Steele Lumber Co.* v. *Laurens Lumber Co.,* 98 *Ga.* 329 (10), 358 (24 S. E. 755) ; *Board of Education* v. *Day,* 128 *Ga.* 156 (6), 166 (57 S. E. 359).

3. The alleged buyer, under the plaintiff's averments, having repudiated the contract and refusing to be bound thereby, it was not incumbent upon the plaintiff to make, or allege, a tender of the merchandise. *Carolina Portland Cement Co.* v. *Columbia Improvement Co.,* 3 *Ga. App.* 483 (60 S. E. 279) ; *Southern Upholstering Co.* v. *Lieberman,* 27 *Ga. App.* 703 (3) (109 S. E. 509) ; *Hanks Foundry Co.* v. *Woodstock,* 127 *Ga.* 108 (56 S. E. 106) ; 6 R. C. L. 948, § 328. Furthermore, where an anticipatory breach is tendered by the purchaser and accepted by the seller, performance by the latter is not thereafter required, and an offer of performance need not be alleged. In such a case the contract is terminated except as to the right of the party aggrieved to sue for the damages resulting from the breach.

4. "While one who repudiates an executory contract before the time of performance has arrived can not call upon the opposite party to make forward contracts for his benefit for the purpose of lessening the damages of the party at fault, nevertheless, if the opposite party accept the tender of the breach, he is bound to abate his damages by reason of circumstances of which he ought reasonably to have availed himself. Rhoem *v.* Horst, [178 U. S. 1, 20 Sup. Ct. 780, 44 L. ed. 953] ; Civil Code (1910), § 4398. The tender of an anticipatory breach does not change the time at which the damages are to be estimated, nor affect the general rule of damages; but if the tender is accepted by the opposite party, that party acts thereafter under the rule of avoidable consequences." *Phosphate Mining Co.* v. *Atlanta Oil & Fertilizer Co.,* supra. What particular thing, if anything, the plaintiff should have done in reduction of the damages is a question for the jury. *Southern Railway Co.* v. *Cunningham,* 123 *Ga.* 90 (7) (50 S. E. 979) ; *Pelham & Havana R. Co.* v. *Walker,* 27 *Ga. App.* 398 (108 S. E. 814).

5. But the rule above quoted, embodied also in the code section cited, is

ordinarily to be invoked by way of defense, and, "the petition having set up the correct measure of damages under the facts alleged, it was unnecessary for the plaintiff, by his petition, to allege that he had undertaken to abate, mitigate, or lessen such damage." *Southern Upholstering Co.* v. *Lieberman,* supra.

6. The instrument set up by the plaintiff as the contract is in the form of a letter by the seller to the purchaser, specifying the quantity, kind, and price of the goods to be sold, the time of delivery and of payment, with certain stipulations here immaterial, except that the right was reserved in the seller "at any time to determine or modify credit extended hereunder." It was headed "New York" and dated. It appears to have been signed in the lower right-hand corner by the plaintiff as "Converse & Company, selling agents," and, following the words "accepted for," in the lower left-hand corner, appears the name of the defendant. "A contract is an agreement between two or more parties for the doing or not doing of some specified thing." Civil Code (1910), 4216. "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which it can operate." Civil Code (1910), 4222. The instrument, in sufficiently disclosing a party agreeing to sell, and another agreeing to buy, a specified quantity and kind of goods, at a stipulated price, with the time of delivery and of payment stated, is prima facie a valid contract, and not void for uncertainty. *Hanks Foundry Co.* v. *Woodstock Iron Works,* supra; *McGhee Cotton Co.* v. *Herrine,* 10 *Ga. App.* 700 (74 S. E. 66). Neither is it wanting in mutuality, nor, if executed as alleged, does it fail to comply with the statute of frauds, for the purposes of the action of the plaintiff.

7. The agreement was not rendered unilateral because of the stipulation that the seller could "determine or modify credit extended," without the consent of the purchaser. The latter could give to the former the option of demanding payment on delivery of the goods, without affecting the agreement as a whole.

8. Although it may be that the plaintiff is a broker, as the use of the phrase "selling agents" as above indicated would possibly imply, in the transaction under consideration *it appears to have been* acting for itself as a principal, and not as a broker.

9. The alleged contract would seem to stipulate for delivery "at mill" with "no freight allowance." It is not shown that the plaintiff — apparently a broker — had a "mill," and no particular mill is referred to. If the designation of the place of delivery was ambiguous, it was subject to be explained by parol. If it was so indefinite that no agreement at all was made on the point, the place of delivery would be fixed by the law. In neither view would the petition be subject to general demurrer because of the alleged indefiniteness of the contract upon this question; nor because of the failure of the plaintiff to allege its damage as the difference between the contract price and the market price at a *certain specified place* of delivery. Only a special demurrer would have reached these defects. *Smith Co.* v. *Strickland Cotton*

*Mills*, 6 *Ga. App.* 522 (65 S. E. 320). See also, in this connection, *Baxley Tie Co.* v. *Simpson*, 1 *Ga. App.* 670 (57 S. E. 1090); *Harley Hardware Co.* v. *Harry S. Lafond Co.*, 28 *Ga. App.* 584 (4) (112 S. E. 394); Civil Code (1910), § 4323.

(*a*) Aside from a consideration of the demurrer to the petition, it is observed that there was no issue between the parties upon the trial in regard to the amount of the difference between the contract price and the market price at the time and place for delivery, regardless of what was the place of delivery. Their respective pleadings alleged this difference as the same.

10. If the plaintiff be a corporation, and even if the contract was signed by some one acting without the authority of the corporation, this would not operate to make the contract unenforceable against the defendant, under the statute of frauds. A contract required by the statute of frauds to be in writing " need only be signed by the party against whom the contract is sought to be enforced." *Fraser* v. *Jarrett*, 153 *Ga.* 441 (112 S. E. 487); *Central of Georgia Railway Co.* v. *James*, 117 *Ga.* 832 (45 S. E. 223); *Preston* v. *Dozier*, 135 *Ga.* 25 (2) (68 S. E. 793); *Singleton* v. *Bank of Monticello*, 113 *Ga.* 527 (2) (38 S. E. 947); *Perry* v. *Paschal*, 103 *Ga.* 134 (1), 137 (29 S. E. 703).

11. A special demurrer, " being a critic, must itself be free from imperfection." It " must lay its finger, as it were, upon the very point." Accordingly, a special demurrer, that a whole paragraph of a petition " is a mere conclusion of the pleader," is properly overruled where the paragraph, though containing an objectionable conclusion, includes other matter not subject to the omnibus attack.

12. Under the foregoing principles, there was no error in overruling the general demurrer or any of the special demurrers to the petition.

13. The direct assignments in the bill of exceptions upon the allowance of amendments to the plaintiff's petition are not made within the time allowed by law, and there being no exceptions pendente lite to these rulings, the assignments thereon cannot be considered.

14. " Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument." Civil Code (1910), § 5788.

15. " Where the parties have reduced to writing what appears to be a complete and certain agreement, importing a legal obligation, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the whole of the agreement between them, and parol evidence of prior or contemporaneous conversations, representations, or statements will not be received for the purpose of adding to or varying the written instrument." *Case Threshing Machine Co.* v. *Broach*, 137 *Ga.* 602 (73 S. E. 1063).

16. Making and breaking a prior or contemporaneous parol agreement inconsistent with the written contract would not be such fraud as would permit a varying of the writing, no sufficient reason appearing why the parol agreement was not incorporated in the writing. *Dyar* v. *Walton*, 79 *Ga.* 466 (2) (7 S. E. 220).

17. Under the rule laid down by the Supreme Court in *American Standard Jewelry Co.* v. *Goodman,* 127 *Ga.* 543 (56 S. E. 642), that "Where suit was brought upon a written contract for goods sold, and the defendant filed a sworn plea denying the execution of the instrument sued on, it was permissible for him to further plead and set up what the true agreement was, the same, according to the contentions of the defendant, not having been reduced to writing; and that the plaintiff had failed to comply with his obligations under said oral agreement," and that " such further plea, admitting that the defendant had entered into contractual relations with the plaintiff relatively to the goods alleged to have been sold under the terms of the written contract, the execution of which was denied, was not demurrable on the ground that it sought to vary the terms of a valid written instrument by parol testimony," it was permissible to plead, as was done, in paragraph 6 of the original answer and the amendment thereto, denial of the execution of the writing declared upon, and to set up therewith what the defendant contended was the true agreement in parol under which the goods were bargained for, they never having been accepted. Other parts of the answer, setting up the breach of a parol prior or contemporaneous agreement, *assumed the existence* of the writing sued upon, and clearly sought to vary it, and were objectionable. If on the trial the plea of non est factum be found to be untrue, the plea of the oral agreement alleged to have existed *instead of the writing* will fail with it. See also *Chicago Building Co.* v. *Butler,* 139 *Ga.* 816 (4) (78 S. E. 244).

18. The plaintiff must stand or fall by the case as made by its petition. It does not sue upon a parol contract entered into between itself and the defendant, but it sues upon a written agreement, a copy of which is attached to the petition, which, if executed as alleged, was sufficient under the statute of frauds; and since the plaintiff is not seeking to enforce any parol contract, the statute of frauds could not be involved. *Douglass* v. *Williams Art Co.,* 143 *Ga.* 846 (85 S. E. 993).

19. The defendant, by the answer as amended, pleaded, (*a*) the violation by the plaintiff of a prior or contemporaneous parol agreement (assuming the existence of the written contract) that the plaintiff " guaranteed prices against decline," and would invoice the goods to the defendant *at the prices prevailing at the time of delivery, regardless of the written agreement;* (*b*) that if the defendant executed the alleged contract (of which " he has no recollection "), " the execution of said alleged contract was procured " through the fraud and misrepresentations of the plaintiff's salesman and agent that it was the policy and custom of the plaintiff " to guarantee prices against decline, and if there were a decline in price on said sheeting [the subject-matter of the contract] before the time of delivery of the same, plaintiff would only require the defendant to pay the prevailing price on the date of delivery;" (*c*) that the contract declared upon by the plaintiff is void and unenforceable under the statute of frauds; (*d*) that the plaintiff had failed to exercise ordinary care and diligence in lessening its damages, after notice by the defendant that he would only pay the prevailing market price of the goods at the time of delivery; (*e*) non est factum; in

connection with which it was further alleged that the defendant had only given a verbal order for the goods to the plaintiff's salesman and agent on terms and conditions set forth; that thereafter a clerical employee, without any authority from the defendant and in his absence, signed his name to the instrument sued on, which the plaintiff had mailed to the defendant as a "confirmation of order;" that the defendant did not breach the alleged contract, but, on ascertaining that the writing did not embrace the verbal stipulations and that it had been so signed without his authority, notified the plaintiff that he would carry out the contract only in accordance with the verbal understandings. Applying the rulings announced in paragraphs 14, 15, 16, 17, and 18, the court did not err in sustaining the demurrers to the pleas herein designated as *a, b,* and *c.* As indicated above, the plea of non est factum was not demurred to. It was error to strike the matter pleaded in connection therewith, as indicated in *e.* See, as to *d,* the next succeeding paragraph.

20. "Where by a breach of contract or negligence one is injured, he is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence." Civil Code (1910), § 4398. Under this code section and the rule as announced in paragraphs 4 and 5 above, the court erred in sustaining the general demurrer to the plea designated in the preceding paragraph as *d* and contained in paragraph 8 of the defendant's original answer, wherein it was averred among other things "that the plaintiff neglected and failed to make *any effort* at the time of said alleged breach of said order or since that time to dispose of said sheeting or to *otherwise reduce or minimize the alleged damage which the plaintiff claimed he sustained by reason of the alleged breach*" (italics ours). See also *Southern Railway Co.* v. *Williams,* 139 *Ga.* 339 (3) (77 S. E. 168).

21. "An exception based upon the refusal of the court to award a nonsuit will not be considered, where, subsequently thereto, the case is submitted to the jury, and, a verdict being rendered against the defendant, a motion for a new trial is made which presents the complaint that the verdict is contrary to the evidence and without evidence to support it. Where a motion for a new trial is based upon this ground, the court will review the sufficiency of the evidence as a whole, in the light of the verdict, and will not merely consider the sufficiency of the plaintiff's case to withstand the nonsuit at the particular stage at which the motion for nonsuit was made." *Atlantic Coast Line R. Co.* v. *Blalock,* 8 *Ga. App.* 44 (2) (68 S. E. 743); *Henderson* v. *Maysville Guano Co.,* 15 *Ga. App.* 69 (82 S. E. 588); *Rice* v. *Ware,* 3 *Ga. App.* 573 (1 *a*) (60 S. E. 301); *Carr* v. *Georgia Loan & Trust Co.,* 108 *Ga.* 757 (2) (33 S. E. 190); *Gaynor* v. *Travelers Insurance Co.,* 12 *Ga. App.* 601 (3) (77 S. E. 1072); *Bentley* v. *Johns,* 19 *Ga. App.* 657 (91 S. E. 999).

22. It is never reversible error to refuse to direct a verdict, though the court may direct a particular verdict when the evidence demands it.

23. The assignment of ground 7 of the first amendment to the motion for a new trial, that the court illegally withheld from the jury, against the movant's demand, evidence "that the plaintiff failed to use due

diligence in minimizing the damages," and that the plaintiff "could have easily disposed of" the goods at the contract price in the open market, upon the happening of the breach, and thus have avoided the damage, is defective, for the reason, among others, that the evidence was objectionable as stating a mere conclusion. *Ferguson* v. *McCowan*, 124 *Ga.* 669 (2) (52 S. E. 886). See also *Sims* v. *Sims*, 131 *Ga.* 262 (62 S. E. 192). Specific facts would have been admissible, the jury to form the conclusions.

24. In the absence of a timely and appropriate request, it was not error requiring reversal that the court omitted to charge that the plaintiff "is bound to lessen the damages as far as practicable by the use of ordinary care and diligence," though where the pleadings and the evidence would authorize a charge of the character indicated, "it is the better practice for the presiding judge to give it, even in the absence of a request." *Central of Georgia Ry. Co.* v. *Hill*, 21 *Ga. App.* 231 (2) (94 S. E. 50); *Western & Atlantic Railroad Co.* v. *Smith*, 145 *Ga.* 277 (5) (88 S. E. 983).

25. The allowance of an amendment to a pleading cannot properly be set up as a ground of a motion for a new trial.

26. The plaintiff, by amendment (whether necessary or not,—*Coursey* v. *Consolidated Naval Stores Co.*, 22 *Ga. App.* 538 (2), 96 S. E. 397), having pleaded that the contract sued upon was "executed on behalf of and for H. Mendel and in his name by an employee duly authorized so to act, and that said act was ratified" by him, and the defendant having pleaded that "he did not know anything about the execution of said instrument until on or about June, 1920, when he wrote the plaintiff requesting the cancellation of the said order given" to the plaintiff's salesman, there was no error in admitting, on the question of ratification, the letter of the defendant to the plaintiff, dated June 10, 1920, requesting a cancellation of the order for the goods, but containing no repudiation of the signing of his name to the written instrument. While, in view of other parts of the answer, possibly modifying that above quoted, it is not conclusive that the defendant at the time of the writing of the letter had knowledge of the fact that his name had been signed to the contract sued on, or that the letter was other than a request for the cancelling of the verbal order given to the salesman, there was enough in the pleadings and the evidence together, on the question of knowledge, for the submission of the letter to the jury, they to determine that question, and also the effect to be given to the letter, with the other evidence, toward establishing a ratification, or the authority of the employee in signing the contract, if such knowledge existed at the time it was written.

27. Where intervening rights of third persons are not involved (*Graham* v. *Williams*, 114 *Ga.* 716, 40 S. E. 790), "a ratification by the principal relates back to the act ratified, and takes effect as if originally authorized. A ratification may be express, or implied from the acts or silence of the principal. A ratification once made can not be revoked." Civil Code (1910), § 3591.

28. " When the fact of agency is to be proved by the subsequent ratification and the adoption of the act by the principal, there must be evidence of previous knowledge on the part of the principal of all the material facts. If the material facts be either suppressed or unknown, the ratification is invalid." *State* v. *Southwestern Railroad*, 70 *Ga.* 12 (3 *a*) ; *Ludden & Bates* v. *McDonald*, 117 *Ga.* 60 (43 S. E. 425) ; *Butler* v. *Standard Guaranty & Trust Co.*, 122 *Ga.* 371 (3) (50 S. E. 132).

29. Where the plaintiff seeks to bind the defendant to a contract on the theory of a ratification by the latter of the act of another in signing his name to the instrument, the execution of which the defendant denies by plea of non est factum, it is incumbent on the plaintiff to carry the burden of establishing the ratification. The rule is the same, in case of such a plea, if the plaintiff shall rely upon the contention that the person signing on behalf of the defendant was acting with present authority. *Coursey* v. *Consolidated Naval Stores Co.*, supra.

30. " Where a principal is informed by his agent of what he has done, the principal must express his dissatisfaction within a reasonable time, otherwise his assent to his agent's act will be presumed. Carnes *v.* Bleecker, 12 John (N. Y.) 300; Foster *v.* Rockwell, 104 Mass. 170. . . Unless the principal repudiates the act promptly or within a reasonable time, a ratification will be presumed. *Bray* v. *Gunn*, 53 *Ga.* 144; *Owsley* v. *Woolhopter*, 14 *Ga.* 124; *Mapp* v. *Phillips*, 32 *Ga.* 72; *Smith* v. *Holbrook*, 99 *Ga.* 256 (25 S. E. 627) ; *Whitley* v. *James*, 121 *Ga.* 521 (49 S. E. 600) ." *Brooke* v. *Cunningham*, 19 *Ga. App.* 21 (5) (90 S. E. 1037) ; *Hanks Foundry Co.* v. *Woodstock Iron Works*, supra. If there is such repudiation, whether it is made within a reasonable time is generally a jury question.

31. " Whether or not such a ratification has resulted is usually a question of fact, to be determined by the jury, and not a question of law for the court. *Burr* v. *Howard*, 58 *Ga.* 564; *Dixon* v. *Bristol Savings Bank*, 102 *Ga.* 461 (31 S. E. 96, 66 Am. St. R. 193) ; *McKinnon* v. *Hope*, 118 *Ga.* 462 (45 S. E. 413) ." *Coursey* v. *Consolidated Naval Stores Co.*, supra.

32. Notice to produce a paper in the hands of the opposite party will dispense with the necessity of proof of its execution as against the party giving the notice, and entitle the other to introduce it in evidence without such proof; but this rule does not preclude the party giving the notice from attacking the validity of its execution, under a plea of non est factum. In fact the person claiming the invalidity could himself introduce the document with a reservation of the right to attack its execution. Civil Code (1910), § 5832; *Blizzard* v. *Nosworthy,* 50 *Ga.* 515 (2) ; *Western Union Telegraph Co.* v. *Hines*, 96 *Ga.* 688 (23 S. E. 845, 51 Am. St. R. 159). Either under this rule, or in consideration of the fact that the letter referred to in paragraph 26 above had been previously admitted, there was no error in admitting in evidence the document sued on, over the objection that its execution had not been sufficiently shown at the time, notwithstanding the general rule that " Where the execution of a note is denied by a plea of non est factum,

the note will not be received in evidence until some extrinsic evidence of its execution has been submitted." · *Patton* v. *Bank of LaFayette,* 124 *Ga.* 965 (5) (53 S. E. 664, 5 L. R. A. (N. S.) 592, 4 Ann. Cas. 639). "Slight evidence is sufficient to lay the foundation for its admission." None of the several objections to this evidence were meritorious.

33. The court did not err, for any of the reasons assigned, in admitting the circumstantial parol evidence, as complained of in ground 4 of the first amendment to the motion for a new trial, for the purpose of connecting the letter of June 10 with the instrument declared on, the letter being offered for the purpose of showing a ratification, and not to establish a compliance with the statute of frauds. In the latter case the writings could not be so connected, but should stand or fall by the internal evidence of their relation. *Smith* v. *Jones,* 66 *Ga.* 338 (42 Am. R. 72); *North* v. *Mendel,* 73 *Ga.* 400 (2) (54 Am. R. 879).

34. Under the ruling contained in paragraph 17 above, the evidence proffered by the defendant, as alleged in ground 8 of the first amendment to the motion for a new trial, as to the parol agreements claimed to have been made by the plaintiff's salesman at the time of the verbal order, and constituting terms of the sale, was erroneously excluded. It was admissbile, under the plea of non est factum and the other allegations of the defendant's amendment (see paragraph 19 above), not to vary the writing, but to establish what the defendant contended was the true agreement, there being, as he alleged, no written contract. It was further admissible for the purpose of explaining the defendant's conduct and ascertaining his motives, in corroboration of his contention that he did not execute the instrument sued on, nor authorize or ratify its execution by another. The history, or res gestæ, of the entire transaction was relevant; but if the plea should fail, the effect of this evidence would go out with it. *Shippey* v. *Owens,* 17 *Ga. App.* 127 (5) (86 S. E. 407); 21 Am. & Eng. Enc. Law, 1098; *Cohen* v. *Parrish,* 105 *Ga.* 339 (3), 352 (31 S. E. 205); *Cook* v. *Pinkerton,* 81 *Ga.* 89 (3) (7 S. E. 171, 12 Am. St. R. 297); Civil Code (1910), §§ 5763, 5766, 3606.

35. There was no error in charging that the defendant "doesn't dispute that he sought to cancel the contract." Regardless of the evidence, his answer shows that this was true.

36. "In no trial should the scope of the court's instructions to the jury be more limited or more extensive than the range of the relevant evidence properly submitted therein. The charge of the court should be pertinent and applicable to the issues presented by the evidence, and it is error to charge the jury upon a theory which is not sustained by evidence." *Virginia Bridge Co.* v. *Crafts,* 2 *Ga. App.* 126 (58 S. E. 322). The undisputed evidence showed that the defendant did not himself sign the contract; also, the petition as amended precluded the plaintiff from contending that the instrument was signed by any one except an employee who had authority or whose act the defendant ratified. The court, therefore, erred in charging the jury: "You first decide whether he signed it himself or not; you look to the evidence and determine what the truth about it is." *Coker* v. *Evitt,* 107 *Ga.* 324 (33 S. E. 50); *Southern Railway Co.* v. *Gresham,* 114 *Ga.* 183 (2) (39 S. E. 883).

37. The bare fact that the same employee had on a previous occasion signed a single contract with the plaintiff on behalf of the defendant, with none of the circumstances of its signing being given, was immaterial. " There was no evidence nor any contention that it was the custom " of the defendant to permit this employee to sign contracts for him, or that it had been done " except in the instance above referred to." There was no evidence that he even permitted it or knew of it on this occasion, nor any circumstance corroborating this isolated fact as evidence of the employee's authority. " The evidence was irrelevant and should have been excluded." *Southern Railway Co.* v. *Grant,* 136 *Ga.* 303 (3 *a*) (71 S. E. 422, Ann. Cas. 1912C, 472). See also *Harris Loan Co.* v. *Elliott &c. Typewriter Co.,* 110 *Ga.* 302 (5) (34 S. E. 1003) ; *Smith* v. *Georgia & Alabama Railway,* 113 *Ga.* 625 (30 S. E. 956). Being irrelevant, it was not admissible for the purpose of impeaching the testimony of the defendant that the employee had never signed any contract for him, and the more especially so since it was not shown that he ever had knowledge of the signing in the particular instance. It follows that the submission of this fact in charge (ground 4 of the second amendment to the motion for a new trial) as a circumstance touching the authority of the employee in signing the contract sued upon was likewise erroneous. While the assignment of error in the ground last referred to is quite insufficient to raise the point stated in the last sentence, the observation is not deemed impertinent, in view of the fact that the case for other reasons must go back for a retrial.

38. But ratification supplies the original authority of the specific act or operates to estop its denial (*Palmer* v. *McNatt,* 97 *Ga.* 435 (2) (25 S. E. 406) ; 21 R. C. L. 919, 99), and, consistently with the rulings contained in the preceding paragraph 26 and the principles stated in paragraphs 27 to 31 inclusive, and in view of the fact that the letter of June 10 was silent in regard to the authority of the employee in signing the contract sued on, when the inference of knowledge in the writer of the facts at the time was warranted, it cannot be said that the court was in error in submitting in charge the question of the authority of the employee to sign the contract, as complained of in ground 16 of the first amendment to the motion for a new trial; but, under the evidence, it would have been better not to charge upon the general powers of an agent as alleged in ground 17.

39. When the plaintiff rested, the attorney for the defendant stated: " I want to make a motion, if the court please;" to which the court, without pausing to ascertain the nature of the motion, responded, " I think that letter makes a case," evidently referring to the letter of June 10. The defendant's attorney then said: " I move that the court direct a verdict for the defendant." It is contended that the judge could not be said to be ruling upon a motion, because the character of the motion had not been stated, but it is not insisted that he did not anticipate its nature with perfect accuracy. It is assigned that the remark of the court was error as intimating an opinion as to what had been proved. Even if there was error at all (but see *Perry* v. *Butt,* 14 *Ga.* 699 (2) ; *Continental Insurance Co.* v. *Wickham,* 110 *Ga.* 129 (3), 138,

35 S. E. 287; *Childs* v. *Ponder*, 117 *Ga.* 553 (1), 554, 43 S. E. 986; *Battise* v. *State*, 124 *Ga.* 866 (1), 872, 53 S. E. 678), it is one not likely to occur upon another trial; and since a reversal is ordered for other reasons, it is unnecessary to determine whether this should by itself render the verdict bad, or whether the assignment is incomplete in failing to show that a motion for a mistrial, predicated thereon, was made and refused. See *Perdue* v. *State*, 135 *Ga.* 277 (69 S. E. 184).

40. It was error to admit, over the objection of the defendant that it was irrelevant, immaterial, and prejudicial, the testimony of the plaintiff's salesman: "I sold two others [meaning two other concerns in Atlanta] at the same time and at the same price, and they accepted them and paid for them."

41. "A general assignment of error upon an excerpt from the judge's instructions brings under review only the abstract correctness of the legal principle therein contained, and not its applicability to the facts of the case." *Frank & Co.* v. *Adams*, 144 *Ga.* 270 (2) (87 S. E. 3); *Central of Ga. Ry. Co.* v. *Bond*, 111 *Ga.* 13 (8) (36 S. E. 299); *Jones* v. *State*, 135 *Ga.* 357 (6) (69 S. E. 527); *Robinson* v. *Rothchilds*, 10 *Ga. App.* 237 (73 S. E. 564). See also *Wall* v. *Hawker Pottery Co.*, 27 *Ga. App.* 255 (2) (108 S. E. 134). This rule is applicable to a number of the assignments upon excerpts from the charge which are abstractly correct. If certain other charges were in any wise erroneous, the errors were harmless, in view of the pleadings, and especially of the parts of the answer introduced in evidence by the plaintiff setting up the same difference between the contract price and the market price at the time and place of delivery as that which was alleged in the plaintiff's petition.

42. There is no merit in any of the many remaining assignments of error, specific reference to which is unnecessary.

43. The evidence was sufficient to authorize the verdict for the plaintiff, but not to demand it, and a new trial is ordered because of the errors noted. *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 27, 1923.

Action for breach of contract; from city court of Atlanta — Judge Reid. November 11, 1922.

. *A. S. Grove,* for plaintiff in error.

*Rosser, Slaton & Hopkins,* contra.