## DALTON et al. v. THE STATE.

No. 9154. FEBRUARY 28, 1933.

W. A. McClellan, O. C. Hancock, and W. A. McClellan Jr., for plaintiff in error.

John A. Boykin, solicitor-general, and J. W. LeCraw, contra.

BELL, J. The grand jury of Fulton County returned a bill of indictment against Mary Dalton and others, charging a violation of section 58 of the Penal Code. The defendants filed a general and special demurrer raising constitutional and other questions, which the court overruled, and the defendants excepted. The indictment charged the defendants "with the offense of circulating insurrectionary papers; for that said accused, in the County of Fulton and State of Georgia, on the 21st day of May, 1930, with force and arms, did introduce and circulate, and did cause to be introduced and circulated, and did assist in introducing and circulating, within the State of Georgia and Fulton County, certain papers, pamphlets, cards, sheets, circulars, magazines, books, and writing, for the pur-

pose of inciting insurrection, riot, conspiracy, and combined resistance against the lawful authority of the State of Georgia and against the lives of the inhabitants thereof, with intent to incite insurrection and to abolish, defeat, and overthrow by acts of violence the lawful authority of the State of Georgia, said insurrectionary literature being as follows, to wit: a newspaper entitled 'The Daily Worker,' 'The Liberator,' 'Out of a Job,' by Earl Browder; 'Read as You Fight, Why Every Worker Should Join the Communist Party;' 'On the Road to Bolshevization;' 'The Trade Unions and Socialist Construction in the U. S. S. R.,' by Katherina Evdeyera; 'The Communist Manifesto,' by Karl Marx and Friedrich Engels; 'Woman in the Soviet Union;' 'The Program of the Communist International together with the Constitution and Statutes of the C. I. Labor and Southern Cotton Mills,' by Myra Page; 'State and Revolution,' by V. I. Lenin; 'Revolutionary Lessons,' by V. I. Linen; 'Program of the Trade Union Unity League;' 'Proletarian Revolution,' by V. I. Lenin; 'Communist Party U. S. A. District Number 17.'"

Section 58 of the Penal Code is as follows: "If any person shall bring, introduce, print, or circulate, or cause to be introduced, circulated, or printed, or aid or assist, or be in any manner instrumental in bringing, introducing, circulating, or printing within this State any paper, pamphlet, circular, or any writing, for the purpose of inciting insurrection, riot, conspiracy, or resistance against the lawful authority of the State, or against the lives of the inhabitants thereof, or any part of them, he shall be punished by confinement in the penitentiary for not less than five nor longer than twenty years." The defendants by their demurrer contended: (1) The indictment does not charge any offense under the laws of Georgia. (2) The indictment fails to set forth or describe the writings or literature with sufficient certainty to put the defendants on notice of the character, contents, or import of the same, and fails to identify such writings or literature with such degree of certainty as to protect the defendants from a second prosecution for the same alleged offense; this contention having been made in grounds 2, 3, and 4 of the demurrer. (3) Section 58 of the Penal Code, on which the indictment is predicated, is unconstitutional and void, for the following reasons: (a) It is too vague and indefinite to be susceptible of enforcement. (b) It is violative of article 1, section 1, paragraph 15, of the constitution of the State of Georgia relating to "liberty of speech" and

liberty "of the press;" and is also in violation of the fourteenth amendment to the Federal constitution, prohibiting the passage of any law which shall abridge the privileges or immunities of the citizens, and declaring that no State shall deprive any person of life, liberty, or property without due process of law, or deny to any person the equal protection of the law.

■ On the constitutional questions the present case is controlled by the decision in *Carr* v. *State,* 176 *Ga.* 55 (166 S. E. 827). On authority of that decision we hold that section 58 of the Penal Code is not unconstitutional for any of the reasons urged.

■ We will next consider the question whether the description of the writings and the literature in the indictment was sufficiently specific to withstand the second, third, and fourth grounds of the demurrer. It is insisted by counsel for the plaintiffs in error that the rule which obtains as to indictments for libel should be adopted, and that the writings or publications should be set forth literally or at least in substance. We can not agree to this contention. The *Carr* decision would also be controlling of this question, unless the writings described in that case could be said to be materially different from those referred to in the instant indictment. While the difference may be so slight as to be insignificant, we will assume that the *Carr* case is not controlling, and again discuss the matter briefly on principle.

A similar question was presented in People *v.* Malley, 49 Cal. App. 597 (194 Pac. 48), where the defendant was indicted for a violation of the syndicalism act of the State of California. The indictment in that case charged "that the defendant circulated and publicly displayed certain books, papers, pamphlets, documents, and other printed and written matter, in his possession and custody, and under his control, containing and carrying written advocacy, teaching, and advising of criminal syndicalism." This was to charge the offense substantially in the language of the statute, and as against a demurrer calling for greater specification the indictment was held to be sufficient.

In the early case of Brown *v.* Commonwealth, decided by the general court of Virginia (2 Va. Cas. 516), it was held that an indictment for sending a challenge, in the form of a letter, to fight a duel, need not set out the words of the letter, or the substance thereof. The opinion in that case is pertinent to the question here under con-

sideration, and is so logical and well supported, that we take the liberty of quoting therefrom as follows: "The objection to the indictment is, that, as it charges the challenge to have been a *written* one, it ought to have set out the writing, or letter, verbatim, and that this defect is fatal, even after verdict. To maintain this position, the case of The King *v.* Nield and others, 6 East, 417, is principally relied on, particularly the words used by Lord Ellenborough, that where an offense consists in words, or writing, a general and compendious method of describing it has in no case been deemed sufficient, without stating the words or writing necessary to constitute the offense. This seems to be only a different mode of stating a rule applying to indictments, universally admitted to be true. That rule is, that where words spoken, or written, form a part of the gist of the offense charged, and enter so into its essence that it can not exist without them, they must be set out verbatim. Thus, in indictments for forgery, libel, the sending of threatening letters containing a particular kind of threats as set out in the English statute, or for not obeying the order of justices of the peace, or not executing their warrant (which order and warrant must be in writing), the words or written instruments must be set out, in order that the court may see that they are of a character condemned by the law, or the disobeying or refusal to execute which will be followed by any punishment. In these cases the words or writings are not only evidences of the offense, but are so essential to it that without them there is no offense. But in other cases where the offense may consist of words spoken or written, *or of acts;* and where, if writings are alluded to in an indictment, they are only relied on as proofs, or evidences of the fact charged, and not as in themselves constituting the offense, it is not necessary to set them out verbatim, but describing them in a general manner is sufficient. Archbold, 19. Thus, in perjury, it is not necessary to set out the affidavit, answer, or other written oath on which the perjury is assigned. In larceny of written instruments, it is not necessary to set them out; and in treason, if letters or other written instruments be laid as overt acts, it is sufficient to set forth the substance of them; for the gist of the offense is the compassing, and the letters are but proofs or evidences of it. On the same principle, the case of the King *v.* Fuller, reported in 1 Bos. and Puller, 180, and 1 East, P. C. 92, and cited in 6 East, 424, was decided. The statute of 37 Geo. 3, ch. 70, made the

*endeavor* to seduce soldiers and sailors from their duty and allegiance an offense. The preamble states 'That whereas divers wicked and evil disposed persons, by *the publication of written or printed papers,* and by *malicious and advised speaking,* have of late industriously endeavored to seduce,' etc. It was urged that the endeavor to seduce was to be by the publication of written or printed papers, or by speaking malicious and advised words, which ought therefore to be set out verbatim. But it was decided that the general charge in the indictment, that the defendant maliciously endeavored to seduce, without setting out the evidence, whether written, verbal or otherwise, by which that endeavor was effected, was sufficient, because it was considered that the *endeavor* to seduce might consist of a variety of acts, all originating in the same purpose, or tending to the same conclusion, and forming altogether the offense described by the word *endeavor,* and therefore it was sufficient to describe it by the same word in an indictment.

"By the common law (and this indictment is one at common law), the giving or sending a challenge to fight a duel is an offense. It may consist not only of words or writings but of acts; and of various acts altogether forming the offense described, of giving or sending a challenge. The words, writings, or acts are in themselves no offense, but only evidences or proofs of one, and the offense may exist without words spoken or written. From these considerations we should be led to infer that no authority could be found requiring that in an indictment for sending a challenge the evidence of the offense, if it happened to consist in a letter, should necessarily be set out verbatim; nor has any such been produced. Chitty says that the indictment for this offense *generally* sets forth the letter or expressions charged as criminal. 2 Chitty's Cr. Law, part 2; Peters' edi. p. 615, n.w. But he does not pretend that it is essential, as in other cases which he has noticed; and in fact there are forms to be found in Crown Circuit Companion, p. 103, and in Chitty, 2 vol. p. 2, P. 616, charging generally the offense of sending a challenge to fight a duel, without stating the *quo modo,* and also the challenging by opprobrious words and *threatening* language, without setting out the words or language." See also the statement to the same effect contained in 31 C. J. 732, based upon a number of cases there cited, including the California and Virginia cases to which we have just referred.

The gist of the offense condemned by section 58 of the Penal Code is the circulating or being concerned in circulating or printing any writing for the purpose stated in the statute. The contents of the writing do not form the gist or basis of the offense and need not be stated. A further distinction between the present case and a case of libel is that libel was a crime at common law (17 R. C. L. 460) ; whereas the offense here under consideration was purely statutory. In *Glover* v. *State,* 126 *Ga.* 594 (55 S. E. 592), it was held: "An indictment which charges the offense defined by a legislative act in the language of the act, where the description of the acts alleged as constituting the offense is full enough to put the defendant on notice of the offense with which he is charged, is sufficiently specific." In *Youmans* v. *State,* 7 *Ga. App.* 101 (4), 113 (66 S. E. 383), it was said: "A distinction is to be drawn between charges which are violations of purely statutory offenses and those cases which were penalized under the common law. Naturally, where the offense is statutory, the language of the accusation must follow more closely the language of the statute, and be restricted by it more, than where the charge relates to a common-law offense, in which the details must necessarily be amplified in order to cover the definition of the common-law offense." In support of this statement, the court cited the case of United States *v.* Simmons, 96 U. S. 360 (24 L. ed. 819), in which the same distinction was made. See also Penal Code (1910), § 954. The indictment in the present case charged the offense substantially in the language of the statute, and then gave additional information such as would apprise the defendants with reasonable certainty as to the nature and character of the writings alleged to have been circulated. The names of some fourteen books, papers, or pamphlets were described by their titles, and in several instances the names of the authors were given. Certainly this with the other allegations was enough to inform the defendants as to the nature of the offense against which they were called upon to defend.

The demurrer does not attack any particular writing referred to in the indictment as being insufficiently described therein, but the whole indictment is demurred to upon the ground that none of the writings are set forth or identified with requisite fullness. It follows that *if any one* of the writings is described with sufficient particularity, the whole demurrer as to this contention fails. *Southern Ry. Co.* v. *Chambers,* 126 *Ga.* 404 (4), 410 (55 S. E. 37, 7 L.

R. A. (N. S.) 926); *Southern Ry. Co.* v. *Phillips,* 136 *Ga.* 282 (71 S. E. 414); *Mendel* v. *Converse,* 30 *Ga. App.* 549 (11) (118 S. E. 586).

The indictment was not defective as failing to allege any offense under the laws of this State, or upon any other ground stated in the demurrer. *Judgment affirmed. All the Justices concur, except*

Russell, C. J., who dissents for the reasons stated in his dissent in *Carr* v. *State,* supra.