## BECKNER *v.* BECKNER *et al.*

1. A speaking demurrer is one which introduces some new fact or averment which is necessary to support the demurrer and which does not distinctly appear upon the face of the pleadings demurred to. Such demurrer should be overruled. The facts averred therein may be set up by plea or answer.

2. A petition was brought against a benefit insurance company, and the illegitimate son of a deceased member, by the wife as sole beneficiary under a life-insurance benefit policy taken out by the husband, alleging, in substance, that the plaintiff had, for a number of years, paid all the premiums and assessments upon the policy, was named as the sole beneficiary, and had possession of the certificate; that the certificate was afterwards taken from her possession without her knowledge or consent; that the illegitimate son was, by the insured, substituted for her as beneficiary; that the insured had no right, under the rules of the company, to make

this change; and, that due proof of the death of her husband and demand upon the company had been made. *Held*, that the petition set forth a cause of action, and the court committed error in sustaining a demurrer thereto by the illegitimate son.

Argued February 16, — Decided April 13, 1898.

Equitable petition. Before Judge Fite. Whitfield superior court. April term, 1897.

The petition of Telitha A. Beckner against John Beckner, the Supreme Commandery United Order of the Golden Cross, Georgia Commandery, et al., was demurred to by John Beckner. The demurrer was sustained, and plaintiff excepted. The petition alleged, in brief: W. H. Beckner, petitioner's husband, now deceased, made an application in due form to become a member of the Supreme Commandery United Order of the Golden Cross, an incorporated mutual benefit society with insurance feature attached, and in his application designated her as the beneficiary of the insurance policy, and the usual benefit certificate for $2,000, payable on his death, was issued and delivered to him, naming her as the sole beneficiary. Subsequently he took the benefit certificate from her possession, without her knowledge or consent. After his death she demanded of said order payment of the benefit certificate, and was thereupon notified that he had changed the beneficiary named therein, from plaintiff to said John Beckner, and it refused to pay her the two thousand dollars. Plaintiff's money paid all the premiums, assessments, etc., due on the certificate up to the time it was taken from her possession, she acquired a vested right in the money that afterward became due thereon, the beneficiary could not be changed without her consent, and she did not know of or consent to the change. If the order had any right, under and by virtue of the benefit certificate originally issued, to change it, the change was limited to a class of persons named, to wit, some member of the family of the assured, or some one dependent upon him; and John Beckner is no relation to her deceased husband, nor a member of his family, nor dependent upon him, but is his bastard son, about thirty-six years old, is well to do and needs no help from him, and in law is a stranger to him and had no insurable in-

terest in his life.    Said change was wholly unauthorized under the facts and the law, and was void and of no effect. Satisfactory proofs of death have been submitted to said order, and the officers of the order have forwarded said $2,000, due plaintiff, to the subordinate commandery at Dalton, to be paid over to John Beckner.    She asks that the defendants bring into court, to be used as evidence for her in this case, the original application of W. H. Beckner for membership, the original benefit certificate in her favor, the new benefit certificate issued to John Beckner, the letters accompanying the request to change, and a copy of the constitution and by-laws of the order; also for an injunction against the payment of the money to John Beckner, and that the same be brought into court to be paid out as the court may direct; and for process.

The defendants except John Beckner filed an answer to which was attached the application, certificate, and other papers referred to in the plaintiff's petition.    They offered to pay the money into court, and asked that the plaintiff and John Beckner be required to interplead.    The demurrer was upon the following grounds: (1) The complaint contains no equity. (2) The fact that plaintiff's means may have paid premiums on another policy can not affect the rights in law or equity of this defendant in the policy of insurance issued in his favor, because the policy issued to plaintiff depended upon contingencies.    It was executory in its character, and her rights under it depended upon its being kept in force by a compliance with its terms and conditions; and the same having been canceled, her rights terminated by reason of the cancelation. (3) Any other features that may exist in said insurance, that might enure to the benefit of the members of the insured's family, can not and do not in law or equity interfere with the contract of insurance made in favor of defendant, and the policy being in favor of defendant would not have prevented the other features in said order from being carried out, should the necessity for doing so have arisen.    (4) The question of cancelation of the policy issued to plaintiff and the issuing of another in favor of this defendant was a matter entirely in the power and discretion of said insurance order and the insured;

and the plaintiff, as a mere volunteer, can not be heard or allowed in law or equity to interfere or prevent the payment of the money due this defendant under the policy issued in his favor.    Although defendant may be the illegitimate son of the assured, plaintiff can not be heard to question the right of the defendant, under the policy, by reason of this being true.    If an advantage could be taken of this, it belongs and exists with said insurance order alone, and plaintiff, as a third party to said contract of insurance and a mere volunteer, can not be heard to raise this question.    (5) Since the death of the assured, said company having issued a check in favor of this defendant, and being anxious and willing to carry out the contract with this defendant, plaintiff has no right as a third party and a mere volunteer to prevent the payment of the amount of the policy to this defendant.    (6) The date of the marriage between plaintiff and W. H. Beckner is not given.

*Jones, Martin & Jones,* for plaintiff.
*Shumate & Maddox,* for defendant.

SIMMONS, C. J.    1.  The plaintiff filed an equitable petition as set out in the official report and condensed in the second headnote.    The subordinate lodge of the company answered the petition ; the defendant Beckner, the illegitimate son of the insured, demurred to the petition, and also filed his answer.    His demurrer contained five grounds.    One of these was that there was no equity in the petition, another was merely an enlargement of the same ground, and the three others were speaking demurrers.    These last introduced new facts and averments which were necessary to support the demurrer and which did not distinctly appear upon the face of the petition.    Such demurrers will not be considered by the court, but will be overruled.    "A demurrer which the pleader attempts to sustain by an averment of fact in a plea or answer is in the nature of a speaking demurrer, and is not aided by such an averment."    Beach, Mod. Eq. Pr: § 226 ;   Brooks *v.* Gibbons, 4 Paige, 374;  Stewart *v.* Masterson, 131 U. S. 151, and cases cited.    It is clear that this court can not consider these speaking demurrers, or demurrers relying for support upon aver-

ments in the answers, nor could the court below properly have done so. Such matters may be taken advantage of by plea or answer. We find in the record the answer and petition for interpleader filed by the subordinate lodge, and also the answer of the defendant Beckner. These portions of the pleadings are not necessary or proper in considering the demurrer to the petition. This court can not consider them, and the court below ought not to have done so, in passing upon a demurrer to the original petition. Eliminating, therefore, the speaking demurrers, the answer and petition for interpleader filed by the subordinate lodge, and the answer of the defendant Beckner, we are brought to a consideration of the only question made, which is whether there was equity in the original petition.

2. The plaintiff in her petition states how and when the policy of insurance was obtained; that her money had paid all assessments due thereon up to a certain time; that upon that date her husband, the insured, took the policy from her possession without her knowledge or consent, went to Texas, and had the certificate changed so as to make his illegitimate son the beneficiary; that under the charter and by-laws of the benefit society, neither he nor the society had the right to change the beneficiary from petitioner to the illegitimate son without her consent. It seems to be now settled that the beneficiary in a policy issued by a mutual benefit society may be changed, if the laws of the order so provide or if such change is not prohibited by the laws of the society. If, therefore, the plaintiff had alleged or admitted in her petition that the laws of the society authorized the change of the beneficiary and had relied solely upon the contention that the payment by her of the assessments created in her a vested right which could not be divested by the action of the insured and the society without her consent, then the court would have been right in sustaining a general demurrer to the petition. Had she attached to her petition the laws of the society and they had authorized this change, the court would likewise have been right. Instead, however, of making this admission or attaching the laws as an exhibit, she distinctly averred that under the laws of the society this change of the beneficiary was un-

authorized; that the laws of the society limited the right of change of beneficiary to members of the family of the insured and to those dependent upon him; that the illegitimate son was thirty-six years of age when the change was made, was not a member of the family of the insured, and was not in any way dependent upon him for support; and that the change made was, therefore, prohibited by the laws of the society. Taking as true the petitioner's averments which are well pleaded, the change of the beneficiary as made was, under the laws of the society, unauthorized and illegal. The illegitimate son who now claims the fund not being a member of the family of the insured, being thirty-six years of age and not dependent upon the insured, the laws of the society restricting beneficiaries to members of the family or those dependent upon the insured, and the change having been made to the illegitimate son in violation of these laws, it is evident that the court erred in sustaining the demurrer upon the ground that there was no equity in the petition.

*Judgment reversed. All concurring, except Cobb, J., absent.*