*Smith, Hammond & Smith,* for plaintiff in error.

*E. S. Lumpkin,* contra.

---

1665. M. D. & H. L. SMITH COMPANY *v.* STRICKLAND COTTON MILLS.

1. There was no error in overruling the general demurrer to the petition. The allegation that "petitioner sues for the difference between the price the sheeting was sold to M. D. & H. L. Smith Company and the market price of the sheeting when the same was refused by the said M. D. & H. L. Smith Company, the price having declined from 4½ cents per yard to 3¼ cents per yard, showing said M. D. & H. L. Smith Company to be due petitioner the price of 77,820 yards of sheeting at 1¼ cents per yard, to wit: $972.75," clearly brought the suit within the first remedy provided by section 3551 of the Civil Code; and although this paragraph was subject to special demurrer on the ground that the price mentioned was not clearly alleged to be the market price at the time and place for delivery, the general demurrer did not reach this defect.

2. The verdict rendered was practically demanded by the evidence, and while some of the assignments of error on the charge of the judge point out inaccurate statements of the law, the errors were for the most part in favor of the complaining party.

Action on contract, from city court of Dalton—Judge Longley. December 29, 1908.

Argued February 26,—Decided July 31, 1909.

The M. D. & H. L. Smith Company contracted to purchase from the Strickland Cotton Mills one hundred thousand yards of sheeting, to be delivered in instalments extending through an interval of several months. After one or two of the instalments had been delivered, the Smith Company wrote the cotton mills the following letter: "We are sorry to have to ask you to cancel out the balance of our contract, but the financial situation is such that we do not feel authorized to have these goods come forward with nothing to look forward to in placing it, and as soon as the little flurry is over we will take the matter up again." The cotton mills refused

to consent to a rescission of the contract, and so wrote the Smith Company, as follows: "Under no circumstances will we consider cancelling the remainder of this order, as we have prepared warp and changed looms to this construction. and have bought cotton to cover it. We shall bill these goods to you according to contract, and hold them subject to your shipping instructions." To this letter the Smith Company replied as follows: "When the order was placed with you for these goods it was our intention to take them out, but circumstances over which we have no control have forced us to cancel this order, and it would be useless for you to bill out these goods and expect us to take them, because we have no money with which to pay for them; and, more than this, there is none coming in, and it is simply *out of the question* for us to entertain a shipment or even an invoice of these goods." The cotton mills tendered the sheeting in instalments as per its contract, and they were refused by the purchaser. Just as soon as the cotton mills could find a market for the sheeting at anything like a normal price, they resold the sheeting and entered suit against the Smith Company for the difference between the contract price and the price at which the goods were resold, the price of sheeting in the time between the making of the contract and the time of the resale having declined 1¼ cents per yard as to some of the shipments, and as to others not so much. The defendant demurred to the petition, and filed exceptions pendente lite to the overruling of the demurrer. The jury found a verdict in favor of the plaintiff, and the defendant made a motion for a new trial, and excepts to the overruling of the motion, and also assigns error on the overruling of its demurrer, and on the refusal of the court to grant a nonsuit.

*W. C. Martin, William E. Mann,* for plaintiff in error.

*Maddox & Shumate,* contra.

RUSSELL, J. The general demurrer was to the following allegation of the petition: "Petitioner sues for the difference between the price the sheeting was sold to M. D. & H. L. Smith Company and the market price of the sheeting when the same was refused by the said M. D. & H. L. Smith Company, the price having declined from 4½ cents per yard to 3¼ cents per yard, showing said M. D. & H. L. Smith Company to be due petitioner the price of 77,820 yards of sheeting at 1¼ cents per yard, to wit: $972.75." Pend-

ing argument on the demurrer counsel for the plaintiff stated that the suit was brought under the first clause of section 3551 of the Civil Code, which provides, "If a purchaser refuses to take and pay for goods bought, the seller may retain them and recover the difference between the contract price and the market price at the time and place for delivery." There was no error in overruling the demurrer. The foregoing paragraph might be subject to special demurrer, but is good as against a general demurrer.

At the close of the plaintiff's evidence, the defendant made a motion to nonsuit; but it is unnecessary to consider the exception to the overruling of the motion to nonsuit, inasmuch as the motion for a new trial contains the ground that the verdict is contrary to law. The defendant claims that the verdict is contrary to law because the evidence showed that the plaintiff was seeking to recover the difference between the contract price and the price at which the goods were resold, which is not the proper measure of damage where suit is brought under the first clause of section 3551, supra. According to certain evidence in the record, the market price of the sheeting at the time and place of delivery was much less than that at which the sheeting was resold; the president of the cotton mill testifying that there was practically no market for the goods at the time fixed by the contract for delivery, and that he was all during this time endeavoring to find a market, and that he sold them just as soon as he could find a purchaser at anything like a fair value. This being so, the defendant can not complain, as the verdict of the jury was even smaller than this evidence would have authorized.

There are certain assignments of error on the charge of the judge. The errors complained of were more favorable to the complaining party than the law justified; and the evidence practically demanded the verdict.        *Judgment affirmed.*