14868. BREMAN *et al.* v. RODBELL *et al.*

1. The petition was properly construed by the trial court to be an action for the difference between the contract price and the market price at the time and place for delivery, as damages for a refusal to accept and pay for goods according to the contract of purchase and sale.
2. Such an action is not subject to a general demurrer because the alleged market value is not distinctly alleged to be the market value at the time and place for delivery.
3. When a written contract for the purchase and sale of goods fixed no time for performance, it will be construed as implying that delivery will be made and accepted within a reasonable time, but parol evidence is admissible to prove a new and distinct subsequent agreement, mutually acted upon, that the deliveries will be made in installments at cer-

tain stated intervals. The averment in regard to the times for delivery was not subject to demurrer as seeking to vary the terms of the written contract.

4. The averment in a declaration by two persons, as partners, that the defendant had certain transactions with the "plaintiffs," is not subject to a special demurrer on the ground that it is not alleged with which of the plaintiffs the defendant dealt. The averment implies that both of the plaintiffs were present participating in the transactions.

5. Where a person who has contracted for the sale of goods to another sues for a failure of the latter to accept and pay for the goods, and elects as his measure of damages the difference between the contract price and the market price at the time and place for delivery, it is not necessary that the plaintiff shall allege that he used diligence to lessen his stated damages by selling the goods elsewhere for the best price obtainable, and the averment in regard to the resale at a price greater than the alleged market value will not be subject to a special demurrer on the ground that the time when and the person to whom the resale was made are not stated. The complaint, having given information not required, is not bad for failure to supply it more in detail.

6. The petition set forth a cause of action, and the court did not err in overruling any of the demurrers.

DECIDED DECEMBER 7, 1923.

Breach of contract; from city court of Atlanta—Judge Reid. June 12, 1923.

J. H. Rodbell and Morris Cohen, doing business as Capital Hide and Junk Company, brought a suit against J. B. Breman and M. L. Breman, doing business as Stein & Company, claiming damages for the failure and refusal of the defendants to accept and pay for goods under an alleged contract of purchase and sale, of which the following is a copy: "Atlanta, Ga., Sept. 9, 1920. Capital Hide & Junk Co., City. Gentlemen: We confirm your sale and our purchase of 200 tons No. 1 steel @ $22.50 per GT. f. o. b. Atlantic Steel Co. Please ship same to Atlantic Steel Co., City. Very truly yours, Stein & Company." The petition as amended alleges that certain quantities of the steel were delivered, accepted, and paid for respectively on September 8, September 24, and October 4, 1920, in the aggregate of 181,000 pounds, leaving a balance of 267,000 pounds refused; that both before and after the confirmation of the contract in writing as stated above "the plaintiffs and the defendants agreed that shipments would be from a week to ten days apart and in carload lots." The petition further alleges: "At or about the time of delivery of the shipment of October 4th, 1920, said defendants, acting by and through said M. L. Breman, approached plaintiffs and requested that deliveries be

delayed, whereupon plaintiffs stated to defendants that they could not delay said shipments as the car was already loaded and ready to be delivered. . . Thereupon the said M. L. Breman, acting for said defendants, requested that future deliveries be held up until he should give further instructions, and these plaintiffs, at the request of defendants, did postpone deliveries, fully expecting, however, that delivery would be permitted after a reasonable time; and by mutual agreement, acting always at the instance of said defendants, plaintiffs did postpone deliveries, at all times relying upon said contract and that the said defendants would complete said contract, accept deliveries, and pay for the merchandise. . . Such postponement of deliveries by mutual consent took place until at or near the end of 1920, to wit: some time the latter part of December, 1920, and before January 1st, 1921; these plaintiffs allege at all times in the meanwhile they were ready and able to complete deliveries, and so stated to defendants, and defendants requested that deliveries be postponed, until the latter part of December, 1920, as aforesaid, when defendants notified plaintiffs that they would not accept any further shipments, and that the plaintiffs should make no further shipments on the said contract. . . This was the first intimation that the plaintiffs had received from defendants that defendants would not accept deliveries on said contract, and plaintiffs allege that at the time of said refusal there was no market for the sale of said merchandise, and these plaintiffs could make no sale of same, and that the balance of said contract was an entire loss to them, the said plaintiffs. . . The plaintiffs allege that the only reason given by defendants at the time they definitely refused to accept further shipments was that the defendants could not afford to take the loss which they would be compelled to take provided they accepted further deliveries. . . At no time did these plaintiffs abandon the contract or release defendants from the contract, but at all times insisted upon making deliveries under said contract according to agreement, to wit: at times a week or ten days apart, and in carload lots. . . Plaintiffs made every effort to recoup the loss suffered by reason of the refusal of defendants to accept deliveries on said contract," but the best price they were ever able to obtain for the unaccepted steel "was and is the sum of $9.50 per gross ton, f. o. b. Alabama City, Alabama, same being equivalent to a price of $7.60 per gross

ton, f. o. b. Atlanta, Ga. . . Plaintiff alleges that defendant is indebted to plaintiff in the sum of $1,767.48, with legal interest; same being the difference between the contract price and the best market price which plaintiff has been able to obtain for said steel."

The defendants demurred generally and specially. The general demurrer and certain of the special demurrers were overruled, and the defendants excepted. The nature of the special demurrers will be sufficiently indicated in the opinion.

*Little, Powell, Smith & Goldstein,* for plaintiffs in error.

*Slaton & Hopkins,* contra.

BELL, J. (After stating the foregoing facts.)

1. It is insisted by the demurrer that the action should be construed as one for the recovery of the difference between the contract price and the alleged price on resale, and that the petition is insufficient to show a right of action, for the reason that it does not appear that any notice was given to the defendants of the intention to resell, and because it does not appear that the resale was made at the time of performance as specified in the contract, nor within a reasonable time thereafter.

We think that the trial judge properly construed the action as one for the recovery of the difference between the contract price and the market price at the time and place for delivery. Civil Code (1910), § 4131. The plaintiff, therefore, was not required to show that the defendants were given notice of intention to resell. The averments in regard to resale were voluntarily made, to illustrate the effort which the plaintiffs had made to lessen their damage, and might have been omitted. It is disclosed that the resale was for a price greater than the alleged market value, which it is averred was nothing, and thus that the damages resulting to the plaintiff from the breach was thereby reduced.

2. As indicated above, the measure of damages which the plaintiffs elected to claim was the difference between the contract price and the market price at the time fixed by the agreement for the successive installment deliveries. The petition does not distinctly allege the market value at these times, but this did not require that the action be dismissed upon general demurrer. There was no special demurrer to this defect. See *Smith* v. *Strickland,* 6 *Ga. App.* 522 (1); *Mendel* v. *Converse,* 30 *Ga. App.* 551 (9) (118 S. E. 586).

It is suggested by the plaintiff in error that this court should take notice that such an article of commerce as steel could not be altogether without a market value, as the petition has alleged. Assuming that this is true, we could not for that reason go so far as to hold that the averment that the commodity was without a market value should be totally disregarded, as against a general demurrer. Such would be to rule in effect that we should know, without proof, that the commodity in question not only had a value, but a market value equal to or greater than the contract price, and thus that the petition wholly fails to show damage, notwithstanding the averment that the steel was wholly without a market value. Perhaps a special demurrer might have called for a statement of the reasons why a commodity of this nature did not have a market value, but this is not a question in the case.

3. It is objected by the demurrer that the petition, in alleging that the plaintiffs and the defendants agreed that the shipments would be from a week to ten days apart, seeks to vary the terms of the written contract of sale. The writing itself does not fix a time for performance and would require a performance within a reasonable time. *Bearden Mercantile Co.* v. *Madison Oil Co.,* 128 *Ga.* 695 (3). Whether against the writing standing alone it might not be shown by parol that the deliveries were to be made as alleged,— namely, in carload lots from a week to ten days apart,—it is evident, from the petition, that the parties had pursued such a course of dealing in regard to certain deliveries which were made and accepted as to justify the averment, without an encroachment upon the parol evidence rule. "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement." Civil Code (1910), § 4227; *Fitzgerald Cotton Oil Co.* v. *Farmers Supply Co.,* 3 *Ga. App.* 212 (2); *Bearden Mercantile Co.* v. *Madison Oil Co.,* supra, headnote 4. Furthermore, parol evidence is admissible to enlarge the time or change the place of performance, or to prove a new and distinct subsequent agreement. Civil Code (1910), § 5794. A new agreement as to the time of performance would not be lacking in consideration where it is mutually assented

to and mutually acted upon. The alleged agreement in regard to the time of delivery would appear to be enforceable, though not contained in the writing; and this ground of the demurrer was properly overruled.

4. A special demurrer objects that the petition does not allege with which one of the plaintiffs the defendant partner M. L. Breman dealt. If the petition had alleged that the dealings were had between Breman and the plaintiffs' *firm*, it might have been necessary to allege with which of the plaintiff partners the transaction took place, but it is alleged that Breman dealt with "plaintiffs," which would imply that both of the plaintiffs were present participating in the transaction, and not merely that the transaction took place with one of them unnamed. There was no merit in this demurrer.

5. The defendants demurred further to the averments in regard to the resale, on the ground that the date, and the party to whom the resale was made, are not alleged. It has been many times held that there must be a time averred in the writ, showing when every material, traversable fact transpires. *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607 (3) (58 S. E. 160); *City Council of Augusta* v. *Marks,* 124 *Ga.* 365 (1) (52 S. E. 539). This rule seems to have been applied to averments of fact which were necessary to be stated as a part of the cause of action or defense. A similar rule has been applied in some instances with reference to designating persons or parties with whom alleged dealings occurred. *Cherokee Mills* v. *Gate City Cotton Mills,* 122 *Ga.* 268 (2) (50 S. E. 82). But as we have said, the plaintiffs, in view of the measure of damages claimed, were not required to allege the resale. This fact was no part of the cause of action. The petition having set up the correct measure of damages under the facts alleged, it was unnecessary for the plaintiffs by the petition to show that they had undertaken to mitigate or lessen such damages. *Mendel* v. *Converse,* 30 *Ga. App.* 550 (5) (118 S. E. 586).

The unnecessary allegation that the plaintiff was diligent to lessen his stated damages by selling the goods elsewhere for the best price obtainable, which was more than the market price alleged, is not subject to a special demurrer on the ground that the time when and the person to whom the resale was made are not stated. The petition, having given information not required, is

not bad for a failure to supply it more in detail. See *Fitzgerald Cotton Oil Co.* v. *Farmers Supply Co.*, 3 *Ga. App.* 212 (59 S. E. 713). "The office of a special demurrer to a plaintiff's petition, in this State, is to compel the plaintiff to set forth his charge or ground of complaint plainly, fully, and distinctly, where he has failed to do so." *Wrightsville & Tennille R. Co.* v. *Vaughan*, 9 *Ga. App.* 371 (2) (71 S. E. 691). Where the plaintiff has plainly, fully, and distinctly set forth his cause of action as required by law, matter voluntarily set forth, which is no part of the plaintiff's cause of action, but is purely anticipatory of a defense, need not be alleged with the same particularity required in declaring the cause of action. In this case no right of the defendants is prejudiced by the failure of the complaint to allege the particular matter more in detail. We are treating merely of the points as made, and nothing herein said shall be taken as deciding whether the plaintiffs were under a duty to lessen the measure of damages as elected; namely, the difference between the contract price and the market price at the time and place of delivery.

6. The petition alleges with sufficient certainty the times when the requests of the defendants were made for the postponement of deliveries. A cause of action was set forth, and the court did not err in overruling any of the demurrers.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*