### 23193. ATLANTIC COAST LINE RAILROAD COMPANY *v.* TIFTON PRODUCE COMPANY.

STEPHENS, J. 1. Where, after a shipper, who was both the consignor and the consignee of freight delivered to a carrier for transportation, refused to accept delivery of the freight from the carrier at the point of destination, and to pay the freight charges, and the freight, which was perishable, being a carload of watermelons, had depreciated in value, due to a delay in the shipment by the fault of the carrier, the shipper could maintain against the carrier an action for the damages, either ex delicto, or ex contractu for a breach of the contract of carriage, as the shipper might elect, the shipper's damage being at the legal measure of damages, less any unpaid freight charges. See *Atlantic Coast Line Railroad Co.* v. *Tifton Produce Co.*, 179 *Ga.* 624 (176 S. E. 624), in answer to certified question in this case, in which *Wilensky* v. *Central of Ga. Ry. Co.*, 136 *Ga.* 889 (72 S. E. 418), was construed and distinguished. See also *Southern Express Co.* v. *Hanaw*, 134 *Ga.* 445 (67 S. E. 944, 137 Am. St. R. 227); *East Tennessee &c. Ry. Co.* v. *Johnson*, 85 *Ga.* 497 (11 S. E. 809); Civil Code (1910), §§ 2773, 4407.

2. Where the melons, after they had been refused by the consignee at the point of destination, were sold by the carrier for $35 and the sum applied to the unpaid freight charges, it appears that the melons when refused had some value, and that as a result of their depreciated condition there was not a total loss.

3. A mere failure of a petition to allege facts showing the correct measure of damages does not render the petition bad as against general demurrer, where the petition otherwise sets out a cause of action. Where it appears from the allegations of the petition that the plaintiff is entitled to recover, and the amount of plaintiff's damage is alleged, the petition is good as against general demurrer. *Brown* v. *Georgia, C. & N. Ry. Co.*, 119 *Ga.* 88, 91 (46 S. E. 71); *Richmond Hosiery Mills* v. *Western Union Telegraph Co.*, 123 *Ga.* 216 (51 S. E. 290); *Smith Co.* v. *Strickland Cotton Mills*, 6 *Ga. App.* 522 (65 S. E. 320); *Mendel* v. *Converse*, 30 *Ga. App.* 549 (9), 551 (118 S. E. 586); *Breman* v. *Rodbell*, 31 *Ga. App.* 358 (120 S. E. 697). Although it appears from the allegations in the petition that the melons had some value upon their arrival at the point of destination and when acceptance was refused by the consignee, this value is not alleged, and the market value of the melons at the time when they should have arrived at the point of destination under the contract is alleged, and the plaintiff alleges a damage in this amount, the petition, which shows a right in the plaintiff to recover in some amount, sets out a cause of action and is good as against a general demurrer.

4. Nothwithstanding the allegations in the petition as to the payment of the freight charges as a condition precedent to the right in the plaintiff to recover, the petition set out a cause of action, and the court did not err in overruling the general demurrer.

5. Under the authority of *Turner* v. *Camp*, 110 *Ga.* 631 (2) (36 S. E. 76),

the judgment striking the defendant's plea of res judicata can not be considered. *Wright* v. *Morris*, 50 *Ga. App.* 196 (3) (177 S. E. 365).

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 20, 1935.

*Smith & Ferguson, Bennet & Branch,* for plaintiff in error.
*Robert R. Forrester, Howell Cobb,* contra.