29061. AMERICAN SURETY COMPANY *v.* MERRIMAN.

DECIDED DECEMBER 2, 1941. REHEARING DENIED DECEMBER 16, 1941.

410

*Adams, Douglas & Brennan, Gazan, Walsh & Bernstein,* for plaintiff in error. *Shelby Myrick,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) This is a suit by W. L. Merriman against American Surety Company

to recover $433.86, alleged to be the property of the plaintiff, which the defendant had obtained from Citizens Bank & Trust Company after a summons of garnishment had been issued and served on the bank in a garnishment proceeding instituted by American Surety Company based on a judgment in favor of American Surety Company against Merriman. The garnishee bank, according to its answer which was untraversed, was not indebted to Merriman, but had in its hands $433.86 belonging to Merriman. It does not appear from the petition that American Surety Company, the plaintiff in the garnishment proceeding, had obtained a judgment against the garnishee. The surety company had, on the fund of Merriman in the hands of the bank, no more than a lien. The creation of a lien does not effect the passage of title. The title to the fund which was in possession of the bank, the garnishee, and which the bank in its answer stated was the property of Merriman, was in Merriman, subject, however, to whatever lien the surety company may have had on the fund for the satisfaction of its judgment against Merriman. The surety company, in acquiring possession of this fund from the bank, did not do so by force or by some other tortious act. It acquired the fund by the bank's own voluntary act in relinquishing and transferring the fund to the surety company. The surety company did not acquire this fund from Merriman, but acquired if from the bank, and the mere acquisition of the fund by the bank's voluntary act did not in itself amount to a conversion of the fund by the surety company as against Merriman. The surety company, after having acquired the fund from the bank by its voluntary relinquishment, held mere possession of the fund with whatever lien it may have had on it as security for its judgment against Merriman. As to Merriman, the surety company stood in no better relationship as respected the fund than did the bank. Whether the surety company, after having acquired the fund, and having possession of it with only a lien thereon, had no right to the possession of the fund as against Merriman, it is not necessary to decide. I am of the opinion that, although the bank, while holding the fund, may have been entitled to its possession as against Merriman, the surety company after having acquired the fund had only a lien thereon, and had no right to its possession as against Merriman. I am of this opinion because the bank as garnishee had the right to hold

possession of the fund as against Merriman, but the surety company, not being the garnishee, but a lien-holder only, and as a lien-holder being not entitled to possession of the fund without the consent of the lienor, was not entitled to the possession of the fund as against Merriman. Thus far the surety company had not converted the fund as against Merriman. If Merriman had any right at all to the fund at this time it was not by virtue of a right of action in trover for a conversion of the fund. It might, if Merriman was entitled to possession of the fund, notwithstanding the surety company's lien, have been one for money had and received.

Whether or not the surety company had the right to hold the possession of the fund as against Merriman, the holder of the legal title, the surety company certainly had no right, as an incident to any lien which it may have had on the fund, or for the enforcement of such lien, to convert the fund to its own use or to appropriate it to the satisfaction of its debt secured by the lien. If the act of the surety company, in merely acquiring the fund by virtue of the bank's voluntary relinquishment of it, did not in itself amount to a conversion of the fund as against Merriman, and it did not amount to a conversion, it must appear that the surety company afterwards, and by some act other than the mere acquisition of the fund, converted it to its own use, as by an application of it to the debt of Merriman evidenced by its judgment against Merriman. Since the surety company was a mere lien-holder of the fund after it had acquired it, and as such lien-holder had no right to appropriate the fund to its own use by an application of it to the payment of Merriman's debt to the surety company, it will not be presumed, in the absence of some fact showing a conversion by the surety company, that the surety company committed the illegal act of appropriating and applying the fund to the satisfaction of its debt which was secured by the lien.

Whatever right, if any, Merriman may have had to recover possession of the fund after the surety company had acquired it and had not converted it to its own use in satisfaction of its lien on the property as security for its debt against Merriman, there had, at that time, accrued no right of action in Merriman against the surety company for a conversion of the fund. No right of action for the conversion of the fund by the surety company ac-

crued to Merriman until Merriman made a demand on the surety company for the fund and the surety company refused to surrender it. Whether Merriman, when he made demand on the surety company for the fund, as alleged in the petition, and the surety company refused to surrender it to him, could not recover the fund by reason of the existence of the surety company's lien thereon, there certainly accrued to Merriman a right of action against the surety company for the conversion of the fund on the surety company's refusal, after a proper demand made on it, to surrender the fund to him after the lien of the surety company on the fund had been extinguished by the setting aside to Merriman of the fund by the ordinary as a homestead, with the knowledge of the surety company, and which, under the homestead statute, exempted the fund from all liens.

The quoted allegation in the petition as to the demand made by Merriman, and the refusal by the surety company to surrender the fund, is an allegation that the surety company, with knowledge of the setting aside of the fund by the ordinary as a homestead, refused to comply with the plaintiff's demand on the defendant to pay this fund to the plaintiff. This is an allegation that there arose a conversion of the fund by the defendant after July 18, 1936, the date of the order setting aside the fund as a homestead. Therefore the plaintiff's cause of action, which is one for a conversion of the fund by the defendant, did not arise until after July 18, 1936, which was within four years of the filing of the present suit on July 11, 1940. The action, as it appears from the petition, is not barred by the statute of limitations which requires that such a suit must be brought within four years after the cause of action accrues. By the same reasoning it appears from the petition that the defendant did not, by adverse possession of the fund for four years, acquire title thereto by prescription.

The petition set out a cause of action which was not barred by the statute of limitations. The court did not err in overruling the general and special demurrers. The assignment of error on the judgment "overruling" the plea of the statute of limitations filed by the defendant is not presented for consideration. *Atlantic Coast Line Railroad Co.* v. *Tifton Produce Co.*, 50 *Ga. App.* 614 (5) (179 S. E. 125).

414

*Judgment affirmed. Sutton and Felton, JJ., concur in the judgment, but not in all that is said in the opinion.*