## 31985. HORWITZ v. TEAGUE.

Decided June 25, 1948. Rehearing denied July 9, 1948.

*Green & Ellis, O. C. Hancock,* for plaintiff.

*Harold Sheats,* for defendant.

Parker, J. The plaintiff sued the defendant for certain special damages, and for $2000 as general damages, growing out of the alleged negligent failure of the defendant to properly install a furnace in the home of the plaintiff. The plaintiff alleged that the defendant represented himself to be a furnace expert, and that a furnace of the size and type contracted for would adequately heat the plaintiff's home, and would be approved by the Smoke Abatement Bureau of the City of Atlanta; that the furnace actually installed by the defendant had a heating input and heating output of less British thermal units than the furnace covered by the contract, and was not the furnace the defendant contracted to install, and was not the furnace the defendant received permission from the City of Atlanta to install; that the type and size furnace installed was insufficient to heat the plaintiff's home, and that the Smoke Abatement Bureau had refused to approve the same for this and other reasons; that although the defendant had offered to correct the defects and to install a proper furnace, he had failed to do so after numerous requests from the plaintiff; that by reason of the defendant's wrongful neglect in failing to install the furnace he had contracted to install, the plaintiff's home was without sufficient heat for the major portion of the winter of 1946-1947, and as a result of this condition the plaintiff, and his wife and three small children, became ill and suffered severely from colds and influenza; and that he had suffered embarrassment and humiliation in being unable to invite guests to his home because of its lack of heating facilities.

It was alleged that the defendant was negligent (a) in wrongfully and negligently failing to install the furnace contracted for, (b) in wrongfully and negligently failing to install a furnace that

would properly heat the plaintiff's home, (c) in wrongfully and negligently failing to install the furnace authorized by the Smoke Abatement Bureau, (d) in wrongfully and negligently failing to install the blower of the furnace, (e) in failing to wire properly the motor of said furnace, and (h) in wrongfully and negligently failing to correct the defects after numerous requests by the plaintiff to do so. The plaintiff pleaded a city ordinance making it unlawful to construct or install any heating plant or equipment without first obtaining a permit from the Smoke Abatement Bureau therefor, or to fail or neglect to comply with the provisions of the ordinance and the permit issued thereunder; and he alleged that the defendant's negligence was the sole and proximate cause of the plaintiff's injuries.

The special damages sued for were $75 for doctor's bills and drugs, $100 for time lost by the plaintiff from his business, $200 for loss of the plaintiff's wife's services, $212.50 paid by the plaintiff to the defendant on the contract, and $110 for the value of the plaintiff's old furnace removed by the defendant.

The defendant demurred to the petition as a whole on the ground that no copy of the contract for the installation of the furnace was attached or incorporated therein, and to the allegations setting up special damages. The court sustained some of the demurrers, overruled others, and did not pass on some. The plaintiff amended by amplifying some of his allegations including those respecting special damages. Thereupon the defendant demurred to the amendment and renewed his demurrers to the original petition. The court entered an order overruling some of the renewed demurrers and sustaining others, striking all claims for special damages, granting the plaintiff 15 days in which to amend to meet the terms of the order, and providing that unless the petition was so amended it should stand dismissed. This order was dual in character in that the part requiring amendment was interlocutory in character and subject to exceptions pendente lite, while the part providing for automatic dismissal in the future constituted a final judgment ending the case if no amendment was filed. See *Luke* v. *Ellis*, 201 *Ga.* 482 (2) (40 S. E. 2d, 85). The plaintiff did not except to the rulings of the court on the special demurrers, and filed no further amendment, and the sole question presented for our consideration is the ruling dismissing the action.

After eliminating the special damages stricken on demurrer, the petition still contained the allegation that because of the defendant's wilful neglect in failing to install the furnace he had contracted to install, the plaintiff's home was without sufficient heat for most of the ensuing winter, and as a result thereof the plaintiff, his wife and three small children became ill and suffered severely from colds and influenza; and that the plaintiff had suffered embarrassment and humiliation in that he was unable to invite any guests to his home due to the intense cold therein. The petition also still contained all the alleged acts of negligence charged to the defendant, and the allegation that he had sustained general damages in the sum of $2000. These remaining allegations were not demurred to unless the demurrer to the petition as a whole be treated as a general demurrer. The judge evidently so treated it as he says in his order that the defendant "renewed his general and special demurrers to the original petition."

■ We think the cause of action, although it arose out of a breach of duty incident to and created by a contract, was in tort and not for a mere breach of the contract. In an action sounding in tort the measure of damages is different from that in an action based upon a contract. In a suit upon a contract no element of damages is recoverable unless it can reasonably be considered to have been within the contemplation of the parties at the time they entered into the contract. But in actions ex delicto the rule of liability is much broader. "The general rule is that the person who is guilty of a negligent act is responsible for all the injurious results which flow therefrom by ordinary natural sequence without the interposition of any other negligent act or overpowering force. . . It is the unexpected, rather than the expected, that happens in the great majority of the cases of negligence." *Carr* v. *Southern Ry. Co.*, 12 *Ga. App.* 830, 835 (79 S. E. 41). As was said in the case cited, "foresight and hindsight respectively furnish the key to the question of the extent of liability in the respective fields of contract and tort."

■ The ruling of the trial court striking the allegations setting up special damages leaves the petition based on general allegations of negligence and injuries, with a prayer for general damages only. "General damages are such as the law presumes

to flow from any tortious act, and may be recovered without proof of any amount." Code, § 105-2006. Under the rule that general allegations in pleadings ordinarily are good as against a general demurrer (*Melba Cafeteria v. McClelland*, 73 *Ga. App.* 236, 238, 36 S. E. 2d, 118; *Morgan* v. *Limbaugh*, 75 *Ga. App.* 663, 44 S. E. 2d, 394), we think the petition was sufficient. "A mere failure of a petition to allege facts showing the correct measure of damages does not render the petition bad as against general demurrer, where the petition otherwise sets out a cause of action. Where it appears from the allegations of the petition that the plaintiff is entitled to recover, and the amount of plaintiff's damage is alleged, the petition is good as against general demurrer." *Atlantic Coast Line R. Co.* v. *Tifton Produce Co.*, 50 *Ga. App.* 614 (3) (179 S. E. 125). Certain controlling rules as to the pleading necessary to authorize a recovery of different species of damages in torts are well stated by Justice Jenkins in *Hall* v. *Browning*, 195 *Ga.* 423 (24 S. E. 2d; 392). After setting out such rules, a general statement is as follows: "Under the preceding rules, and against general demurrer, the petition setting forth the alleged torts, and claiming damages generally in a named amount, stated a cause of action for recovery of general damages, nominal damages, and punitive damages, as the evidence might show; and was not subject to dismissal as claiming no recoverable damages."

We have treated the demurrers as being both general and special, as did the trial judge. But the defendant contends that he filed no general demurrer. If his contention be accepted and his demurrers are treated as special only, the petition with the allegations therein pointed out stands unchallenged by either a special or general demurrer. It was certainly good in the absence of any demurrer, and we think it was likewise good as against a general demurrer. For these reasons it does not matter whether the demurrers were general and special or special only. The petition charges a wrongful and negligent failure on the part of the defendant to install an adequate furnace in the home of the plaintiff of the size and type covered by the contract between the parties, and that such wrongful and negligent conduct resulted in injuries to the plaintiff and members of his family, and prayed for general damages in a specified amount.

The petition stated a cause of action for the recovery of general damages, nominal damages, and punitive damages, as the evidence might show, under the ruling in *Hall* v. *Browning,* supra. For these reasons the court erred in dismissing the petition.

*Judgment reversed. Sutton, C. J., concurs. Felton, J., concurs in the judgment.*