36806. RAGLAND *v.* SIMPSON *et al.*

DECIDED SEPTEMBER 24, 1957.

*Saul Blau,* for plaintiff in error.
*Harris & Gower,* contra.

NICHOLS, J. 1. The grounds of special demurrer calling for the "address" of the plaintiff's residence and dwelling house were properly sustained since this was vitally pertinent information needed to properly prepare a defense to the action.

2. The general demurrer filed by the defendant Simpson, insisted that the petition failed to set forth facts on which relief may be granted.

It is true that the allegations of the petition that the acts of the defendants were illegal and without authority of law were conclusions, but it is well settled that such conclusions must be

attacked by special demurrer and are good as against a general demurrer. See in this connection, *McPhail* v. *A. C. L. R. Co.*, 93 *Ga. App.* 599 (92 S. E. 2d 558). In *Beall* v. *King*, 47 *Ga. App.* 502 (1) (170 S. E. 896), it was held: "The mere entering or breaking into a house occupied by another and taking possession of personalty therein belonging to the occupant, and exercising dominion over it, either by destroying it or by giving it away, is not necessarily a trespass or a violation of the rights of the owner. Such acts, unless done without authority of law or contrary to some right of the owner, or without the owner's consent, constitute no tortious or actionable wrong." Accordingly, the petition in the present case which alleged that the defendants broke the lock from the entry door of the plaintiff's residence, entered and removed his furniture illegally without authority of law and prayed for damages, set forth a cause of action as against a general demurrer.

3. The question of whether the petition set forth the correct measure of damages is not raised by general demurrer, for, as was said in *A. C. L. R. Co.* v. *Tifton Produce Co.*, 50 *Ga. App.* 614 (3) (179 S. E. 125): "A mere failure of a petition to allege facts showing the correct measure of damages does not render the petition bad as against general demurrer, where the petition otherwise sets out a cause of action."

4. The trial court should have sustained the special grounds of demurrer as set forth in the first division above, but should have given the plaintiff time in which to amend rather than sustaining all the grounds of demurrer and summarily dismissing the action. See *Griffeth* v. *Wilmore*, 46 *Ga. App.* 96 (166 S. E. 673), and citations. Therefore, in view of what has been said above, and due to the peculiar circumstances of the case, the plaintiff is given the right to meet the special grounds of demurrer when, or before, the judgment of this court is made the judgment of the trial court. *Beall* v. *King*, 47 *Ga. App.* 502, supra.

*Judgment affirmed in part and reversed in part, with direction. Felton, C. J., and Quillian, J., concur.*