37604. LOWERY *v.* McTIER *et al.*

NICHOLS, Judge. J. C. Lowery, d/b/a J. C. Lowery Motors, as plaintiff, filed suit against L. E. Holloway, Sam T. McTier and Federal Services Financial Corporation, as defendants, to recover $12,736.13, the value of certain accounts receivable, alleged to have been taken from the plaintiff by the said defendants, without the plaintiff's consent, and also to recover $50,000 exemplary damages to his reputation and feelings as a result of said taking of the plaintiff's property. The defendants McTier and Federal Services Financial Corporation filed general and special demurrers. Defendant Holloway filed a plea to the jurisdiction and the trial court sustained the plea, dismissing Holloway as a party defendant, no exception being taken to the court's ruling as to defendant Holloway. The plaintiff then amended his petition as to McTier and Federal Services Financial Corporation, whereupon defendants McTier and Federal Services Financial Corporation filed renewed general, special and additional demurrers. The trial court sustained these general demurrers, holding that neither the original petition, nor the petition as amended, set forth a cause of action. The plaintiff excepts here to this ruling. *Held:*

1. Since the property alleged to have been taken was personalty, and alleged to have been taken without the owner's consent, such action is tortious and a trespass for which damages may be recovered. Code §§ 105-1701, 105-1703; *Beall* v. *King,* 47 *Ga. App.* 502 (1) (170 S. E. 896); *Ragland* v. *Simpson,* 96 *Ga. App.* 405 (100 S. E. 2d 135).

2. "A mere failure of a petition to allege facts showing the correct measure of damages does not render the petition bad as against general demurrer, where the petition otherwise sets out a cause of action." *A. C. L. R. Co.* v. *Tifton Produce Co.,* 50 *Ga. App.* 614 (3) (179 S. E. 125); *Ragland* v. *Simpson,* supra.

3. While the plaintiff, under the allegations, admittedly was indebted to the defendant corporation, this alone would not justify the unwarranted seizure of the plaintiff's personalty. *Judgment reversed. Felton, C. J., and Quillian, J., concur.*

DECIDED APRIL 16, 1959.

*John R. Calhoun*, for plaintiff in error.

*Myrick, Myrick & Richardson, Willis J. Richardson, Jr.*, contra.