## 39936. CAWTHON et al. v. WILLIAMS et al.

FRANKUM, Judge. This case is a companion case to *Ford Motor Co. v. Williams*, 108 Ga. App., the plaintiffs in error herein being the codefendants with Ford Motor Company in the trial court, and separate appeals having been prosecuted to this court. The plaintiffs in error herein filed joint general and special demurrers which were overruled, and that judgment is assigned as error here.

1. Insofar as the general demurrer of these defendants is concerned the ruling in the *Ford Motor Co.* case is an adjudication that the petition states a cause of action. In trespass cases all are principals (*McDougald v. Dougherty*, 12 Ga. 613), and it was sufficient as against the general demurrers of these defendants for the plaintiff to allege merely that "said acts of the defendants were done illegally . . . and were done without authority." *Ragland v. Simpson*, 96 Ga. App. 405 (100 SE2d 135).

2. While the original petition alleged that the defendants were

police officers, the recast petition does not so allege, and it is not therefore subject to the construction that the acts of the defendants here involved were presumptively lawfully done in their official capacity. The demurrers which raise this point are speaking demurrers and are therefore without merit. *Beckner v. Beckner,* 104 Ga. 219, 222 (1) (30 SE 622).

3. None of the other grounds of special demurrer filed by these defendants are meritorious. Many of these grounds are incomplete in that they fail to point out wherein or how the petition is defective as contended. As such the grounds of demurrer are themselves incomplete. " 'A special demurrer which is itself vague, uncertain, and indefinite, and does not specifically point out wherein the petition is defective, will not be considered by the court.' *Central of Georgia R. Co. v. Hill,* 21 Ga. App. 231 (94 SE 50). It has been held many times that a demurrer, 'being a critic, must itself be free from imperfection.' This is particularly true of a special demurrer, which must point out clearly and specifically the alleged imperfection in the pleading attacked by it. It 'must lay its finger, as it were, upon the very point.' *Alford v. Davis,* 21 Ga. App. 820 (4a) (95 SE 313)." *Martin v. Gurley,* 74 Ga. App. 642, 643-4 (1) (40 SE2d 787). The court did not err in overruling the demurrers filed by the defendants Banks and Cawthon to the plaintiff's petition.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED JUNE 5, 1963.

*Phillips & Johnson, Ezra E. Phillips, James H. Archer, Jr.,* for plaintiffs in error.

*Benj. B. Blackburn, III, Randolph Karsh, Hansell, Post, Brandon & Dorsey, J. William Gibson,* contra.