110 Ga. App. 886 (1965)
140 S.E.2d 212
PIONEER HOMEOWNERS LIFE INSURANCE COMPANY
v.
HOGAN.
41015.
Court of Appeals of Georgia.
Decided January 6, 1965.
*887 Reinhardt, Ireland & Whitley, Glenn Whitley, for plaintiff in error.
W. D. Knight, E. R. Smith, Sr., contra.
JORDAN, Judge.
It is the contention of the defendant insurance company that the trial court erred in overruling its general demurrer for the reasons that a policy of credit life insurance is wholly for the benefit of the creditor beneficiary and the sole right of action to recover on such policy is therefore in the creditor beneficiary to the exclusion of the insured debtor or anyone claiming under him.
This contention is without merit. Under the provisions of the Georgia Insurance Code of 1960 (Ga. L. 1960, pp. 289, 743; Code Ann. Ch. 56-33) regulating credit life insurance, as such provisions have been interpreted by the Supreme Court in Betts v. Brown, 219 Ga. 782 (136 SE2d 365), a policy of credit life insurance insures the life of the debtor and not the debt; and such insurance is not wholly for the benefit of the creditor beneficiary since it is expressly provided in Code Ann. § 56-3306 (2) that "wherever the amount of insurance may exceed the unpaid indebtedness . . . any such excess shall be payable to a beneficiary, other than the creditor, named by the debtor or to his estate."
The case of Murray v. Life Ins. Co. of Ga., 107 Ga. App. 545 (130 SE2d 767), which is relied upon by the defendant as authority for its contention, is not applicable here since the credit life insurance contract dealt with in that case "was entered into prior to the effective date of the Georgia Insurance Code, Ga. L. 1960, supra. Hence, what was there held as to the insured's lack of interest in that contract and consequent inability to sue the insurer for breach thereof was not with the aid of the above mentioned Insurance Code provisions, which recognize the interest of the insured in the credit life insurance contract." Betts v. Brown, 219 Ga. 782, 787, supra.
*888 The policy sued upon in this case was executed after the effective date of the Georgia Insurance Code of 1960, supra; and in construing this policy under the provisions of that Act, it is clear that the plaintiff as the administratrix of the insured debtor's estate was the party "equitably entitled" to payment under the terms of the policy as the indebtedness to the bank had been paid by her out of the estate of the insured debtor. Accordingly, the plaintiff, being entitled to the proceeds of the policy, was authorized to bring this suit to recover upon the refusal of the defendant insurance company to pay, and her petition was not subject to general demurrer as contended by the defendant.
The trial court did not err in overruling the defendant's sole special demurrer to the petition for the reason that the grounds of the demurrer were too general and incomplete in form. Cawthon v. Williams, 107 Ga. App. 886 (3) (132 SE2d 214).
Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.